# CHARLESTON.

ST. LAWRENCE BOOM AND MANUFACTURING CO. *v.* PRICE *et al.*

Decided March 30, 1901.

1. EQUITY—*Multiplicity of Suits.*

If a creditor divides an unascertained indebtedness against his debtor, with his consent, among various creditors of such creditor, and then assigns the residuum of such indebtedness to a trustee for the benefit of all his other creditors, and such trustee and such other assignees bring and threaten to bring separate suits in their several names at law for the purpose of determining the amount of such indebtedness at the instance of such debtor, a court of equity, to avoid a multiplicity of suits, will take jurisdiction of such indebtedness, ascertain and determine the amount thereof and the rights of the several assignees thereto, and, as ancillary of such relief, will enjoin the prosecution of the several claims against such indebtedness at law. (p. 434).

2. PARTIAL ASSIGNMENTS—*Prior Creditors.*

If a debtor has notice of prior partial equitable assignments, made with his assent, conditionally, of an unascertained indebtedness due to the assignor, who afterwards assigns the residuum thereof to a trustee for the benefit of his general creditors, such debtor is bound to protect such prior partial assignees for his own benefit; otherwise, he may be compelled to pay such indebtedness twice. (p. 435).

3. ASSIGNEE—*Parties to Suit.*

A suit brought by such residuum assignee in his own name does not inure to the benefit of such prior partial assignees nor are they bound by the adjudication thereof; not being parties to such suit, nor privies in interest with such residuum assignee. (p. 435).

4. CAUSE OF ACTION—*Division of.*

A single cause of action cannot by assignment be divided into several causes of action, and several suits be maintained thereon, without the assent of the debtor. (p. 436).

Appeal from Circuit Court, Greenbrier County.

Bill by the St. Lawrence Boom and Manufacturing Company against J. M. Price and others. Judgment for defendants, and plaintiff appeals.

*Reversed.*

JOHN W. HARRIS for appellant.

WILLIAMS & DICE, for appellees.

DENT, JUDGE:

The St. Lawrence Boom and Manufacturing Company filed its bill of interpleader in the circuit court of Greenbrier County against J. M. Price, trustee, John Peters and others, creditors of said Peters, holding orders from him against the plaintiff, in which it alleged that it was indebted to said Peters on settlement to the amount of one hundred and twelve dollars and eighty-eight cents, as shown by Peters' acknowledgment; that J. M. Price, trustee, claimed the whole of said amount by virtue of a general assignment made him by said Peters and the various other defendants claimed it by virtue of orders given to them, and prayed that the court should determine to whom the same should be paid. The amount was paid into court. The defendant Peters demurred and answered, and in his answer claimed that the plaintiff owed him at least two thousand five hundred dollars over and above all the orders given by him, and which was assigned by him to said trustee Price. The trustee answered to the same effect. Some of the other defendants claimed that they held orders on the plaintiff which had been accepted by the plaintiff to be paid whenever the amount due Peters was sufficient to cover the same. The plaintiff filed a special replication claiming that its indebtedness to Peters should be settled, and whatever amount was found due should be distributed to the creditors of Peters according to priority of right. This replication was rejected by the court. The trustee further claimed that he had instituted suit at law to determine the true amount due from plaintiff to Peters. Thereupon plaintiff tendered another amended or original bill asking that the accounts between itself and Peters be settled, that the priorities of the defendants be determined, and that the various defendants be enjoined from prosecuting suits at law against it on their various claims. The circuit court on application refused an injunction, but a judge of this Court awarded a preliminary injunction enjoining the trustee from prosecuting his suit against the plaintiff and enjoining all the other defendants from prosecuting any proceedings to enforce the payment of the orders held by them on the plaintiff from John Peters, except in this suit.

On the 11th day of July, 1899, the circuit court of Green-brier County on motion of the trustee dissolved the injunction in so far as it enjoined such trustee from prosecuting its suit at law against the plaintiff, but in all other respects it perpetuated the same, and refused to allow a suspending order.

The only appealable order in the record at the present time is the order dissolving the injunction. The appeal having been granted, the plaintiff is not injured by the refusal of the court to grant a suspension of the decree. The defendants not being before the court against whom the injunction was perpetuated, such order as to them is void and amounts to no more than a refusal to dissolve the injunction until such defendants are served with process. If the injunction should not have been granted, the shortness of the notice is a matter of indifference as no time was required to sustain the allegations of the bill, as no answer being filed, they must be admitted to be true. So the only question presented is as to whether the court erred in dissolving the injunction. There are two grounds alleged for equitable jurisdiction in this case, the first is, that it is a matter of account. Courts of law have jurisdiction of matters of account, as well as courts of equity, and unless the bill shows specific reasons for doing so a court of equity will not interfere with an action at law. Mere general allegations as to the intricacy of accounts are not sufficient to give a court of equity jurisdiction and oust the jurisdiction of a court of law.

The second equitable grounds alleged is to prevent a multiplicity of suits. At common law an unsettled account was not assignable. Under the law as it exists at present, such accounts are assignable and suits may be brought thereon in the name of the assignee. Code, chapter 99, section 14.

While such is the case, a single cause of action cannot be subdivided by various assignments without the consent of the debtor for the reason it may subject him to many embarrassments, and responsibilities not contemplated in his original contract. If the debtor assents thereto partial assignments will be held good even in a court of law, even though such partial assignments be conditional. A court of equity will recognize and enforce partial assignments, for the reason that the rights of all parties in interest can be determined in a single suit, and the rights of the debtor and the several assignees can be fully deter-

mined and protected. 2 Am. & En. En. Law (2 Ed.) 1069; *Bank v. McLoon,* 73 Me. 498. In the present case, plaintiff assented to the various partial assignments and orders given on the fund conditional on its being indebted to a sufficient amount to meet the same on settlement of its accounts with its alleged creditors. All the assignees thereby became interested in such settlement, and each one had the right to bring a suit at law to effect such settlement in his own behalf and especially those who had presented their orders and had them accepted, to be paid when the funds were sufficient for the purpose. This undoubtedly would have created a multiplicity of suits to the great harassment and injury of the debtor, who did not contemplate such a state of affairs when it conditionally accepted the various orders given by the creditor. If the various assignees, including the residuary assignee had joined in one suit in the name of the creditor for their use and benefit, the difficulty arising out of the various assignments could have been obviated, even in a court of law. Or if the general assignment made to the trustee was for the benefit of and subject to the various prior partial assignments. In his answer Peters says: "By this said deed there was conveyed to the said J. M. Price all money at that time due and unpaid to said Peters from plaintiff on his said logging contract of 1896, which had not been previously assigned to other parties by virtue of the said orders drawn upon the plaintiff. Thus showing that the trustee Price was not the trustee for and had no right to recover any portion of such indebtedness previously assigned. So the residuary assignee having brought the suit alone for his own benefit, without regard to the rights of the prior partial assignees and the alleged debtor having notice of and having assented to such partial assignments was necessarily compelled in order to protect itself to defend the interests of the prior partial assignees, thus making it both plaintiff and defendant in the same suit, defendant in so far as its own interests were concerned, and plaintiff to some extent in so far as the rights of the partial assignees were concerned, who were not parties to the suit and would not be bound by the judgment rendered unless made parties thereto, a matter impossible, as the suit at law then stood in the name and interests of the residuary assignee solely who did not represent them. Hence the plaintiff had the right to file its bill in the nature of a bill of interpleader

to convene the alleged creditor and his various assignees for the purpose of having the true amount of his indebtedness fixed and determined in such manner as would bind such creditor and his several assignees, and then on the payment of such indebtedness when ascertained into court to be relieved from any litigation as to priority of payment that might arise between the various assignees. 11 Ency. Plead. & Prac., 474, 479; *Con. Presb. Soc.* v. *Staples,* 23 Conn. 544; *Redfield* v. *Genessee Co.,* Clarke Chan. (N. Y.) 42; *Mohowk, &c.* v. *Chute,* 4 Paige (N. Y.) 384. In this case, however, both in the original bill of interpleader, and the amended bill in the nature of a bill of interpleader, the plaintiff claims a final settlement with the creditor showing a balance of one hundred and twelve dollars and eighteen cents which it has brought into court. This settlement the defendant creditor denies and claims a larger indebtedness due. This makes an issue that must be disposed of by the court in the interpleader suit. The mere fact that the defendant creditor denies the settlement and claims a greater indebtedness is not sufficient grounds to dismiss the interpleader suit for the reason that the allegations of the bill may be true notwithstanding the denial thereof, and this is a question for the determination of the court on the pleadings, exhibits and evidence, and even in the interpleader suit, although it may not be sufficient as a mere bill of interpleader, the court may administer other proper equitable relief between the parties under the general prayer. En. Plead. & Prac., 470, 472, 474. Both under the original and amended bills the plaintiff had the right to enjoin or stay the residuary assignee who was a party to the suit in equity from proceeding with his suit at law. Under our practice a court of equity having taken jurisdiction for one purpose will proceed to complete justice between the parties. *Watson* v. *Watson,* 45 W. Va. 290; *Robinson* v. *Braidon,* 44 W. Va. 184; *Crislip* v. *Teter,* 43 W. Va. 356; *Hotchkiss* v. *Plaster Co.,* 41 W. Va. 361. It may turn out on a hearing of the bill of interpleader that such bill was wholly unnecessary, as the rights of the several assignees may not conflict, yet as the plaintiff has the right to maintain a bill in the nature of a bill of interpleader, on account of the various assignments producing a multiplicity of suits at law out of a single cause of action the validity of which is contested and the conflicting interests of the parties in interest, it was proper

and right to enjoin the residuary assignee's suit and bring all the parties into a court of equity where their various and conflicting rights could be settled and determined in one suit without detriment to any of the parties in interest. The temporary injunction was therefore improperly dissolved, and the order complained of must be reversed and the cause remanded for further proceedings according to the rules governing courts of equity.

*Reversed.*