## Richmond.

### PHILLIPS v. CITY OF PORTSMOUTH.

#### March 9, 1911.

1. ASSIGNMENTS—*Accounts*—*Subdividing an Entire Claim.*—While an account is assignable, a single cause of action cannot be subdivided by various assignments, without the consent of the debtor, so as to enable each assignee to institute an action at law in his name for the part so assigned to him. Such subdivision is not in accord with the debtor's contract, and might subject him to many embarrassments and responsibilities not contemplated in his original contract.

Error to a judgment of the Circuit Court of the city of Portsmouth in an action of assumpsit. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*R. Randolph Hicks* and *John G. Tilton,* for the plaintiff in error.

*John W. Happer* and *Frank L. Crocker,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This was an action of assumpsit brought by Phillips against the city of Portsmouth, to recover a sum of money alleged to be due. The declaration contained two special counts and the common counts in assumpsit. The city of Portsmouth filed a demurrer and assigned grounds of demurrer as to the two special counts, which the court sustained;

and thereupon the plaintiff withdrew his general counts in assumpsit; a judgment was rendered for the defendant, and the case is before us for review.

We shall state only so much of the two special counts as is essential to an understanding of the conclusion at which we have arrived.

The Portsmouth and Suffolk Water Company entered into a contract with the city of Portsmouth to supply it with water, the city agreeing to pay at the rate of $75.00 per hydrant *per annum* during the first ten years of the contract, and for the next ten years the sum of $50.00 per hydrant *per annum*, for each hydrant then or thereafter set by the authority of the city of Portsmouth within its corporate limits. It was provided in this contract that if at any time while it remained in force the city of Portsmouth should impose a tax on the property or works of the water company necessary for the supplying of water under its contract, then the annual rental should be increased to an amount equal to the city tax, levies or assessments so imposed. It is alleged that the water company faithfully performed its duties, and that during the years 1901, 1902, 1903 and 1904 city taxes were imposed at the rate of $1,312.50 for each of said years, amounting in the aggregate to $5,250.00, on the capital stock of the water company, which capital stock was invested in and represented by the property and works of the company necessary for the supply of water; and that by reason of the imposition of said taxes the city of Portsmouth, by virtue of its contract, became indebted to the Portsmouth and Suffolk Water Company in the aggregate sum of $5,250. It appears from the declaration that on the 16th of January, 1905, the Portsmouth, Berkley and Suffolk Water Company which had succeeded to the rights of the Portsmouth and Suffolk Water Company, assigned to T. J. Wool $5,142.62 of its claim against the city of Portsmouth, and Wool thereafter

assigned to A. J. Phillips one-half of said sum of $5,142.62—that is to say, the sum of $2,571.31. The two special counts are identical in the respects above mentioned.

Six grounds of error were assigned, only one of which we find it necessary to discuss, which is as follows: "That it is alleged in the declaration that the plaintiff is the assignee of only one-half of the said several sums alleged to be due by the defendant to the Portsmouth and Suffolk Water Company and its assignees, and therefore the person or persons entitled to the other half of said several sums should be parties plaintiff to this action."

It will be observed that the assignment is not of the sum demanded for any particular year, but that the sums claimed for the four years are added together and the lump sum is then divided and one-half of it assigned to the plaintiff in error.

In 23 Cyc., p. 443-b, it is said: "A single cause of action, or a cause of action which arises on an entire contract, cannot be divided by partial assignment without the consent of the debtor, so as to enable each assignee to institute an action for the part of the claim assigned to him, and thus subject the debtor to a number of actions."

In *St. Lawrence Boom Co.* v. *Price,* 49 W. Va. 432, 38 S. E. 526, it is said: "At common law an unsettled account was not assignable. Under the law as it exists at present, such accounts are assignable, and suits may be brought thereon in the name of the assignee. While such is the case, a single cause of action cannot be subdivided by various assignments without the consent of the debtor, for the reason that it may subject him to many embarrassments and responsibilities not contemplated in his original contract. A single suit cannot be brought on each assignment, but must be joined."

And in a more recent case from the same court of *Dudley* v. *Barrett,* 66 W. Va. 363, 66 S. E. 507, it is said: "For the enforcement of payment of a part of a debt assigned by

the creditor without the assent or acceptance of the debtor, there is no jurisdiction in a court of law; but such partial recovery may be had in a court of equity."

A kindred question was decided in *James* v. *Stokes*, 77 Va. 225. In that case the debtor owed the creditor $126.73, and executed to him three bonds, each for one-third thereof, payable at two, three and four months. When all of them became due a justice rendered three separate judgments thereon, and issued executions, placed them in the hands of a constable, who collected a part and was proceeding to collect the remainder when the debtor applied to the circuit court for a writ of prohibition, which was awarded; and it was held that it was a fraud upon the law to undertake to subdivide a cause of action, which, though severed into divers sums, was still $126.73, and that the writ of prohibition was properly awarded.

That case follows *Hudson* v. *Lowry*, reported in 2 Va. Cas. 42, and while the opinion of the court rests the case upon the fact that by subdividing the cause of action so as to bring it within the jurisdiction of a justice, it deprived the defendant of a right to trial by jury, yet the foundation principle is that a creditor has no right, without the consent of his debtor, to separate a single cause of action and maintain upon it two or more suits. If a creditor has that right, then the debtor would have no cause of complaint and would be deprived of no privilege or advantage which he enjoyed under the law. The case is, therefore, in its essence, authority in that under consideration.

The Supreme Court of the United States had this question before it as early as *Mandeville* v. *Welch*, 5 Wheat. 277, 5 L. Ed. 87, where Mr. Justice Story, speaking for the court, states the law as follows: "A creditor shall not be permitted to split up a single cause of action into many actions, without the assent of his debtor, since it may subject him to many embarrassments and responsibilities not

contemplated in his original contract. He has a right to stand upon the singleness of his original contract, and to decline any legal or equitable assignments by which it may be broken into fragments. When he undertakes to pay an integral sum to his creditor, it is no part of his contract that he shall be obliged to pay in fractions to any other persons. So that if the plaintiff could show a partial assignment to the extent of the bills, it would not avail him in support of the present suit."

For these reasons we are of opinion, without considering the other grounds of demurrer, that the judgment of the circuit court must be affirmed.

*Affirmed.*