BACON v. COMBES.

(Supreme Court, Appellate Term. June, 28, 1900.)

1. LANDLORD AND TENANT—EVIDENCE—BEGINNING OF TERM—FINDING—ERROR.
   Where a landlord testified that in May a tenant said she would come in June, as soon as she could get packed and ready, and that the agreement to rent was to take effect a few weeks later, after she had packed up to move, a finding of a renting prior to July 1st was erroneous.

2. SAME—AGREEMENT TO RENT—BREACH—POSSESSION BY ANOTHER—RECOVERY.
   Where, in a claim by a landlord for breach of an agreement to rent, the evidence showed that another tenant moved into the premises in the beginning of a month, an allowance for such month was erroneous.

3. SAME—CARPET CLEANING—DAMAGE.
   In an action by a landlord for breach of an agreement to rent, it was error to allow expense of preparatory carpet cleaning as a damage caused by such breach.

4. SAME—COSTS—ATTORNEY ACTUALLY ENGAGED.
   Where it does not .appear that a plaintiff had an attorney actually engaged in the prosecution of an action, as required by Consolidation Act, § 1420, subd. 3, he is not entitled to costs.

Appeal from municipal court of city of New York.

Action by John S. Bacon against Letitia F. Combes for breach of an agreement to rent. From a judgment in favor of the plaintiff, defendant appeals. Modified.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

L. L. G. Benedict, for appellant.

John J. O'Brien, for respondent.

PER CURIAM. Plaintiff testified that defendant said in May that she would come in the next month, as soon as she could get packed up and ready. He also testified that the arrangement was with the defendant, "all to take effect a few weeks later, when she sold her piano, and after she had packed up to move." In view of this evidence there should have been no finding of a renting prior to July 1st, as it did not appear, until July 1st, that defendant failed to come in June.

The evidence of Murel Bacon showed that some one else moved into the premises in the beginning of August, and so there should have been no allowance of rent for August.

The expense for carpet cleaning is not recoverable, as it was not a damage caused by a breach of the agreement.

Plaintiff is not entitled to costs, as it does not appear that he had an attorney actually engaged in the prosecution of the action. Subdivision 3, § 1420, Consolidation Act.

The judgment is modified so as to be for $14 damages, and the prospective charges and fees allowed by law (see section 1420), and, as modified, is affirmed.