GRACE L. MYER, Plaintiff, *v.* ROBERT GARLOCK et al., Defendants.

Supreme Court, Special Term, New York County, June 1, 1944.

*Joseph G. Abramson* for plaintiff.

*Jerome Sinsheimer* for defendants.

EDER, J. Motion to strike out separate defense as insufficient in law is granted.

The action is to recover damages for rents which accrued between March 1, 1938, to and including February, 1944, totaling $50,999.46. Paragraph " 3 " of the lease, which is set forth verbatim in paragraph " Eighth " of the complaint specifically empowers the landlord to relet the premises or any part thereof either as agent of the tenant or on her own account or otherwise.

The separate defense pleads that the landlord relet the premises either as agent of the tenant or for her own account subsequent to the vacating by the defendants; that the landlord received rents, income and profits from such reletting and failed and refused to apply the same to the payment of the rents provided for in the lease; that said rents, income and profit received by the landlord are in excess of the sums demanded in the complaint; that the provisions of paragraph " 3 " of the lease, providing that the tenant shall not be entitled in any event to any credit until after the expiration of the original term of the lease, constitute an inequitable penalty.

This defense consists of paragraphs third to sixth, inclusive. Paragraph third alleges the right of the landlord to relet;

fourth, alleges the receipt of rents and the refusal to apply same to the payment of the rents provided for in the lease; fifth, alleges that the rents so received are in excess of the sums demanded in the complaint; sixth, alleges the mentioned provision constitutes an inequitable penalty. The relevant portion of paragraph " 3 " of the lease reads as follows: " * * * but the tenant shall not be entitled in any event, nor at any time to any credit for moneys actually received by the landlords for the use or occupancy of the demised premises or any part thereof 'until after the expiration of the original term of this lease.''

I fail to see wherein this provision constitutes an inequitable penalty. It has been definitely held that provisions in a lease for acceleration of payments in case of default are valid (*McCready* v. *Lindenborn,* 172 N. Y. 400; *Belnord Realty Co.* v. *Levison,* 204 App. Div. 415), and by parity of reasoning it follows that there is nothing invalid in a provision to the effect that credit to the tenant shall be given at the termination of the lease.

In the instance where acceleration of all the rent becomes immediately due and payable upon a single default, the landlord has no way of knowing in advance what sum a reletting will produce and hence any credit to the tenant would necessarily have to await the expiration of the term. If such a provision of acceleration does not constitute an inequitable penalty, it is difficult to comprehend why the provision in the lease here in concern that the tenant shall not receive credit until the end of the term can be regarded as in the nature of an inequitable penalty. It is a logical method of computing the damages for in the very nature of things, with the possibility of reletting a number of times over the period of the demise, the landlord cannot know just how much he will receive over a period of years unless his computations are made at the end of the term. As said in the *McCready* case (*supra,* p. 409): " * * * when the parties by their contract provide for the consequences of a breach, lay down a rule to admeasure the damages, and agree when they are to be paid, the remedy thus provided must be exclusively followed.''

It follows that, if paragraph sixth of the answer, which pleads this covenant to be an inequitable penalty, must fall, paragraphs third, fourth and fifth must also fall as the allegations thereof are dependent on the vitality and effectiveness of paragraph sixth.

Motion granted as prayed for. Settle order.