Robert I. Kleiner, J.
Plaintiff by summons commenced an action against defendant. The oral complaint indorsed on said summons reads as follows:
“ $787.50 damages for an on account of following causes of action:«
‘11. $500 for seasonal rental in full under lease between the parties dated May 4, 1960, the defendant having defaulted in the payments of rent installment due on the signing of said lease.
“ 2. $187.50 on check dated May 4, 1960 in said amount payable to plaintiff’s order, drawn by the defendant, on The Meadow Brook National Bank, Long Beach office, and duly delivered to the plaintiff, on which the defendant stopped payment.
“ 3. $100 for damages sustained by the plaintiff by reason of defendant’s default on said lease for brokerage, repairs, cleaning and decorating premises for a re-rental.”
Defendant appeared in person and filed an answer consisting in substance of a general denial.
On June 14, 1960 the issues were tried before this court without a jury.
The undisputed facts are as follows:
A. Plaintiff and defendant entered into a written lease for five-room apartment on lower floor of 660 Riverside Boulevard, Long Beach, New York. The term of the lease was from May 5, 1960 to September 4,1960. The rental for the entire period was $500. The monthly installment of rent was $125. The security to be deposited under the lease was $125 of which $62.50 was to be paid on the execution of the lease.
B. That defendant entered into possession of the premises herein May 4, 1960.
O. That defendant made, executed, and delivered to plaintiff her check drawn against funds in the Meadow Brook National Bank, dated May 4, 1960 and in the sum of $187.50. That the said check was for rent for the first month of the term and for one half the required security.
D. That defendant stopped payment on said check for $187.50 and to the date of trial paid no part thereof.
E. That defendant vacated the premises May 7,1960.
P. That plaintiff relet the premises on May 16, 1960 and received rent in the sum of $125 for May 16, 1960 to June 15, 1960.
Q-. That plaintiff had incurred damages in the sum of $30 as and for real estate brokerage commission,
*411 H. That the lease between plaintiff and defendant contained the following provision: ‘ ‘ If the term of this lease is a seasonal rental period not exceeding a six month term, then, in case of a default in the payment of any installments of the said seasonal rental, the entire unpaid balance of such seasonal rental, shall without notice, and for all purposes, be and be deemed to be due and payable as of the day of the date of the defaulted installment, anything herein to the contrary notwithstanding.”
At the trial, defendant through her attorney urged the following defenses:
I. That the clause contained in the lease accelerating the payment of rent upon default in payment of any installment constituted a penalty.
2. That plaintiff’s action was predicated on an anticipatory breach of contract.
3. Constructive eviction.
4. Failure of consideration — which was subsequently modified to partial failure of consideration.
As to the first item, claiming that the acceleration clause (operative only upon a default in payment of an installment of rent) is a penalty, it has been definitely held that provisions in a lease for acceleration of payments in case of default are valid. (McCready v. Lindenborn, 172 N. Y. 400; Belnord Realty Co. v. Levison, 204 App. Div. 415; see, also, Myer v. Garlock, 183 Misc. 547; see, also, New York Law of Landlord and Tenant, § 643; Maflo Holding Corp. v. S. J. Blume, Inc., 308 N. Y. 570.)
The case cited by defendant’s attorney (884 West End Ave. Corp. v. Pearlman, 201 App. Div. 12, affd. 234 N. Y. 589) is inapplicable. In that case the sum provided for liquidated damages would have been greater than and entirely disproportionate to any actual damages suffered by the landlord. Moreover, the case holds that where the payment of rent could be accelerated for any default in the lease no matter how trivial, that then, coupled with the retention of security as liquidated damages, such provision was unconscionable and constituted a penalty.
In dismissing plaintiff’s first cause of action predicated upon the acceleration of the rent due to the default in payment of the first installment, the court did not intend to pass upon the validity of the clause. The court believed then and still believes that the “ acceleration clause ” in question is valid and not a penalty. The court dismissed the said cause of action without prejudice to plaintiff’s rights only because it was proven that there was a new tenant in possession and the lease herein being of so short a duration that at the end of the term the full measure of dam *412 ages could be ascertained and a new action instituted without prejudice.
As to the alleged defense of anticipatory breach, Mr. Justice Eder in Myer v. Garlock (supra) indicates that landlord is entitled to a full recovery of the rent reserved plus any damages and that only at the end of the term would it be possible for the parties to adjust the equities. It is interesting to note that the lease in the instant case — paragraph “ 9th ” thereof — provides that landlord may relet and apply the proceeds for the period constituting the balance of the term in reduction of tenant’s obligation.
As to the defense of constructive eviction, the tenant obviously based her claim upon smoke emanating from the municipal garbage disposal plant and the smell of burning garbage which drifted in through the open windows.
Tenant also claimed when she closed the windows she became sensitive to the smell of the oil burner in the premises.
In the court’s opinion tenant failed to make out a case of constructive eviction.
It is fundamental law that where noxious fumes or odors come through open windows of an apartment there must be reasonable proof that the source thereof is due to some wrongful act of the landlord and not from an outside source for which landlord is in no way responsible.
The fact that tenant was sensitive to the odor of the oil burner in the premises, when the windows were closed, does not mean per se that the premises were untenantable.
As to the defense of failure of consideration or partial failure of consideration pleaded against the cause of action based on the check for $187.50, the well-settled law is that as between immediate parties consideration may be questioned. Obviously, the consideration for the making, executing and delivering of the check was the execution of the lease and the tenant’s taking possession of the premises.
The defendant, however, was entitled to show that a portion of the check was in payment for rent. The defendant proved that plaintiff collected rent from another from May 16, 1960 to .Tune 15, 1960. The plaintiff, therefore, collected rent for a portion of the period for which defendant was obligated to pay. The defendant is entitled to offset the amount received by plaintiff in mitigation of the claim for rent for the month in question. (Bruson Heights Corp. v. State of Neto York, 281 App. Div. 371, 377; Bacon v. Combes, 32 Misc. 704.)
The sum of $62.50 included in the check was a deposit as security for the performance of the lease by defendant. Under *413 the terms of the lease the security was to be retained until tenant vacated the apartment after the termination of the lease. Plaintiff, therefore, is entitled to the security deposit of $62.50. (See, also, Real Property Law, § 233.)
Accordingly, the court finds that plaintiff is entitled to judgment as follows: Rent in the sum of $45.87 computed on the basis of $4.17 per day for 11 days; security in the sum of $62.50 and the conceded damage of real estate brokerage commission in the sum of $30, making in all the sum of $138.37, plus interest, costs and disbursements.