BELNORD REALTY COMPANY, Respondent, *v.* LOIS C. LEVISON, Appellant.

First Department, February 9, 1923.

Landlord and tenant — provision in lease that in case of default in rent installments, rent for entire term shall become due and payable, is not penalty and is enforcible by landlord.

A penalty is not exacted by a provision in a lease that on default by the tenant in the payment of any installment of rent, the rent for the entire term of the lease then remaining unpaid shall at once become due and payable without any notice or demand.

The provision is one for the acceleration of the payment of rent, is legal and valid, and may be enforced by the landlord on default in the payment of an installment.

APPEAL by the defendant, Lois C. Levison, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of April, 1922, granting plaintiff's motion for summary judgment, and also from a judgment of the Supreme Court, entered in said clerk's office, pursuant to said order, on the same day, as amended by an order entered in said clerk's office on the 26th day of April, 1922.

*Olcott, Bonynge, McManus & Ernst* [*William M. K. Olcott* of counsel; *Irving L. Ernst* and *Nathan Ballin* with him on the brief], for the appellant.

· *Laughlin, Gerard, Bowers & Halpin* [*Frank C. Laughlin* of counsel; *Henry M. Carpenter* with him on the brief], for the respondent.

McAVOY, J.:

The suit is on a covenant in a lease for rent. The tenant occupied the same premises under a prior lease, and on October 1, 1920, the date of the commencement of the term under the lease in suit, he was still in occupancy. The lease contains a paragraph numbered " Sixteenth," whereby it is agreed that notwithstanding anything therein contained · to the contrary, the premises are demised for the sum of $11,250 for the whole term, payable at the time of the making of the lease, and that the pro-

visions therein contained for the payment of the rent in installments, theretofore provided for in an earlier clause of the lease, are for the convenience of the lessee only, and in default of the payment of the rent in installments, as therein allowed, then the whole of the rent reserved for the whole of the period then remaining unpaid shall at once become due and payable without any notice or demand.

The plaintiff sued in October, 1920, for $11,250, with interest thereon from October first, which sum is the entire rental for the full period of the lease under the clause just outlined, asserting a default in payment of the October installment of rent and that by reason of the non-payment of said installment the entire sum under the agreement of lease was now due and payable.

On motion under the summary judgment rule an order granting plaintiff judgment as demanded was made and judgment was entered thereon for the full sum of the rent. The defendant's vital resistance is based upon the claim that the clause in question in its operation upon a default in paying an installment of rent exacts a penalty which the court will refuse to enforce no matter in what form the exaction is framed, nor in what disguise it is dressed.

Authority for defendant's contention that this clause imposes a penalty upon the tenant for violation of its obligation to pay rent, is claimed to be found in two recent decisions, one in our court and the other in the Court of Appeals. The ruling in the latter court in *Seidlitz* v. *Auerbach* (230 N. Y. 167) is not in point. There the lease contained many covenants of varying importance for the breach of any of which the penalty became operative. As to some, the loss occasioned by the breach could be ascertained with exactitude and in no event would amount to very much. For instance, the insurance premium in that case for which the penalty might accrue was but seventeen dollars. In other instances the covenants were such that damages following their breach were uncertain and could not readily be ascertained.

The deposit there was $7,500. It secured the performance of every one of the covenants. The breach of any one of the covenants liquidated the damage at $7,500.

Treating the agreement as of its date and not as of its breach a penalty was doubtless imposed in respect to the violation of any one of these trivial covenants and thus was the clause rendered ineffective of enforcement.

The rule there was announced to be: " That where a contract contains a number of covenants of different degrees of importance and the loss resulting from the breach of some of them will be clearly disproportionate to the sum sought to be fixed as liquidated

damages, especially where the loss in some cases is readily ascertainable, the sum so fixed will be treated as a penalty. The strength of a chain is that of its weakest link."

In the lease we are now considering there is no other basis in the covenants thereof for exacting the payment of the whole rent, other than that provided for in paragraph "Sixteenth," nor is there any failure to provide for a reletting in case the tenant is ejected so as to reduce his damage, which has been adverted to in the *Pearlman Case (infra)* as a basis for assuming that a penalty was intended.

True, the tenant loses interest on the money advanced as payment of the whole rental by this acceleration of payment, but this is no more effective in creating this provision a penalty than exacting the whole rent at the very beginning of the term would be deemed necessarily unconscionable as penalizing the covenantor.

There is also in the lease in paragraph "Tenth" provision for an abatement from the rent paid, corresponding with the time during which the premises may have been untenantable by reason of fire.

The other ruling cause upon which reliance of the appellant is based is *884 West End Avenue Corporation* v. *Pearlman* (201 App. Div. 12). There the lease was said by this court, per Mr. Justice DOWLING, to be most exhaustive in its restrictions and burdens placed upon the tenant; that it left him at the mercy of the landlord, who, for a breach of the most trivial requirement, has the right to declare a default and to call for the payment of rent for the remainder of the term; that some of the conditions under which this might happen were so insignificant and trivial, involving either no damage whatever, or a nominal amount, as to show that the provision for the payment of the whole rent reserved is in reality a penalty entirely disproportionate to any damage that could possibly ensue for the tenant's acts.

That an agreement for the payment of rent in advance for the whole duration of any term would be a condition which might be imposed unrelated to any other condition of the lease seems to be conceded, as indeed it must, if parties are to have their liberty of contract preserved. The mere fact then that another clause permits the payment of the rent in monthly installments for convenience cannot render that which was otherwise permissible a violation of the legal rule against the enforcement of a provision exacting a penalty.

The clauses construed in the *Seidlitz* and in the *Pearlman* cases are in nowise parallel in terms to the provision now under review as the outline above indicates. The condemnation made of their

27

provisions cannot be pronounced here. Nothing is found in this lease but an acceleration of payments so as to make the full sum at once due based on a default in a single payment, a familiar and recognized form of agreement in bonds secured by mortgage in promissory notes, in sales of chattels on installment payments and in contracts for services, hitherto never contended as unenforcible because of penal attribute.

Paragraph " Sixteenth " containing naught but a provision for the payment of the whole rent in advance and the judgment rendered summarily being based solely on non-payment of rent as agreed therein, no error is found in the judgment below and it should be affirmed, with costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Judgment and order affirmed, with costs.