SYDNEY BALLIN, Plaintiff, *v.* DAVID S. FRIEBERG and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, March 31, 1933.

*Martha Duff*, for the plaintiff.

*Edwin L. LaCrosse*, for the defendants.

LEWIS, DAVID C., J. By conveyance dated June 21, 1930, the plaintiff, as lessor, let an apartment to the defendant, as lessee, for a term commencing October 1, 1930, and expiring September 30, 1932, at the annual rent of $1,140.

The plaintiff brings this action to recover the rent due for the months of June, July, August and September, 1932.

On June 1, 1932, the defendant filed his petition in voluntary bankruptcy and was on that day duly adjudicated a bankrupt.

In his schedules filed in the bankruptcy, the defendant lists the following unsecured claims:

" Schedule A (3)

" Creditors Whose Claims are Unsecured

" Sydney Ballin, 33 West 42nd Street, New York City,
        action begun for rent, judgment.................. $144 00
" Sydney Ballin, 33 West 42nd Street, New York City,
        liability on lease, executed June 21, 1930*........ 285 00
" Sydney Ballin, 33 West 42nd Street, New York City,
        rent for apartment 105 West 73rd Street, for April,
        May, June, 1932............................. 285 00 "

On December 7, 1932, this defendant duly received his discharge in bankruptcy.

The defendant pleads his discharge as a total defense in this action.

There is no issue of fact. The sole problem is one of law. If the cause of action constituted a provable claim in the bankruptcy proceeding, the defense is ample; if not, then there is no defense.

The lease consists of a printed form numbering thirty separate paragraphs plus certain rules. It is in that fine type so uninviting to the eye.

Its wording invites the assumption that this paper is from the hand of the lessor and speaks his voice.

Paragraph 24th of the lease reads: " 24th. Notwithstanding anything heretofore contained herein to the contrary, the premises are demised for the total sum of all the rent which will accrue during the whole term, payable at the time of the making of the lease, and the provisions hereinabove contained for the payment of the rent, in installments, are for the convenience of the lessee only, and in default of the payment of the rent, in installments as therein allowed, then at the option of the lessor the whole of the rent reserved for the whole of the period then remaining unpaid shall at once become due and payable without notice or demand. The acceptance by the lessor of one or more installments of rent subsequent to the due date shall not be deemed a waiver of the prompt payment of subsequent installments and shall not be deemed a waiver of the lessor's option to consider the rent for the remainder of the term at once due and payable in case of such default in payment of any installment."

This covenant made the total sum of all the rent for the whole term payable at the time of the making of the lease — but as a matter of convenience to the tenant contingently deferred its payment in monthly installments. By it the plaintiff expressly

---

* Note: Apparently July, August and September, 1932.

reserved the right to claim and collect the entire rent for the unexpired term in the event of a single default.

The plaintiff points with confidence to the established validity of this acceleration clause. (*Belnord Realty Co.* v. *Levinson,* 204 App. Div. 415.)

While the plaintiff clings to the validity of his right under the acceleration covenant, he argues that if for any reason he does not choose to enforce it, it isn't any more. In one breath he asserts the right; in the next he avoids it.

To subscribe to the plaintiff's theory would make the right of the creditor to prove his claim and the right of the bankrupt to discharge it solely dependent upon personal generosity or convenience. The court is not ready to yield to such a ruling. The test is otherwise.

The bankruptcy statute instructs us that a provable debt is a dischargeable debt. In general, the character of the claim, not the choice of the claimant, constitutes the controlling factor.

For no creditor is compelled to enforce or collect his claim. Law never discourages, no less prohibits, legitimate indulgences or generosity. And in this regard the law plays no favorites. Even the bankrupt can omit the claim from his schedules or recognize it after bankruptcy, and in either way have it survive as an enforcible obligation against it.

Hence one sees the option, if any, lies with the bankrupt. And that if a claim is a provable debt and is duly scheduled in the bankruptcy, it travels the common road to a discharge.

" The test of provability under the act of 1898 may be stated thus: If the bankrupt at the time of bankruptcy by disenabling himself from performing the contract in question, and by repudiating its obligation, *could give the proving creditor the right to maintain at once a suit in which damages could be assessed at law or in equity, then the creditor can prove in bankruptcy* on the ground that bankruptcy is the equivalent of disenablement and repudiation.' " (*Matter of 20th Century Millinery Exchange, Inc.,* 41 F. [2d] 237, at p. 238, quoting from *Matter of Pettingill,* 137 Fed. 143, at p. 147.)

In the instant case we are not troubled with the problem of inconsistent rights or remedies.

The plaintiff did not interrupt the term of the lease. And questions of re-entry, reletting, deficiencies or damages play no part in this case. The plaintiff held to the course of the continued life of the lease and liability under it. His cause of action is for rent.

In this field of law the course of judicial reasoning follows the path of certain recognized objects of the Bankruptcy Act: (1) The

aim to free the bankrupt from the burden of his obligations and permit him to start afresh in the commercial world; (2) to effect an equitable distribution of the bankrupt's estate among his creditors. One principle aims at the assistance of the bankrupt and the other at a fair deal between the creditors. This command for an equitable distribution would ordinarily constitute an objection against the allowance of the plaintiff's claim under the lease and prevent its discharge.

" The broad purpose of the Bankruptcy Act is to bring about an equitable distribution of the bankrupt's estate among creditors holding just demands based upon adequate consideration. Any agreement which tends to defeat that beneficent design must be regarded with disfavor. Considering the time which the lease here involved had to run, nothing else appearing, it seems plain enough that the real design of the challenged position was to insure to the lessor preferential treatment in the event of bankruptcy. The record discloses no circumstance sufficient to support a contrary view. If the term were much shorter, or there were facts tending to disclose a proper purpose, the argument in favor of the lessor would be more persuasive." ( *Koth* v. *R. C. Taylor Trust*, 280 U. S. 224, at p. 227.)

In the case cited the original lease for a term of two years at $4,000 per annum had a year and three months to run, and the amount claimed by the landlord was $5,000. The court pointed to the fact that in bankruptcy the payments to creditors came out of the assets of the estate and, therefore, the bankrupt has no immediate concern with the amount of the claim, only the creditors being affected.

In the instant case the tenant moved out in June, 1932, and there are only four months to the unexpired term. Apartments in the city are hard to rent at such a season of the year. The total claim is in the sum of $285, and the creditor is not seeking to procure a preference. To the contrary, the bankrupt is seeking the protection of the law, which the creditor would deny him. Here we can sense those persuasive facts that lift the ban. This claim was a valid, fixed and certain obligation; hence provable and dischargeable in bankruptcy. Defendant pleaded this defense and proved it. It constitutes a bar to the plaintiff's recovery.

Judgment for the defendant.