## Richmond

LOUDOUN BAPTIST TEMPLE

V.

TOWN OF LEESBURG

June 18, 1982.

Record No. 810512.

· Present: All the Justices.

*David Gibbs, Jr. (Charles W. Sickels; Kattenburg & Sickels, P.C.*, on briefs), for appellant.

*James E. Mechling, Assistant Commonwealth's Attorney*, for appellee.

*Amicus Curiae: Board of Supervisors of Loudoun County, Virginia. Edward J. Finnegan, County Attorney (Nancy W. Kane, Assistant County Attorney*, on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

This is an appeal from final judgments convicting Loudoun Baptist Temple of two violations of an ordinance of the Town of Leesburg requiring the display of local license decals on motor vehicles. While the appeal presents constitutional questions concerning the free exercise of religion, we do not reach those questions because of the disposition we make of a threshold issue involving collateral estoppel.

The present prosecution arose on May 14, 1980, when a town police officer stopped a 1962 Volkswagen operated by Ronald Paul Johnson, Pastor of Loudoun Baptist Temple, and a 1976 Chevrolet driven by Mrs. Johnson. Neither vehicle displayed a town license decal; both were registered in the name of the Temple and were normally parked or garaged in Leesburg.

Following its conviction in general district court, the Temple appealed to circuit court. There, in a pretrial motion, counsel for the Town sought to preclude the Temple from raising the issue whether the license ordinance was a revenue or a regulatory measure. The motion was based upon the proposition that the Temple was collaterally estopped from raising the issue because, in an earlier prosecution styled *Town of Leesburg* v. *Ralph Eugene Dorman*,[1] involving a bus owned by the Temple, the circuit court had ruled that the license requirement was a "police regulatory measure" and not a revenue-raising device. After argument, the court sustained the Town's motion, ruling that, because "the issue

---

[1] Dorman was an assistant pastor of Loudoun Baptist Temple.

[had] been determined" in the earlier proceeding, the Temple was estopped from presenting evidence or argument on the question.[2]

In *Ashe* v. *Swenson*, 397 U.S. 436 (1970), a habeas corpus case, the Supreme Court noted that the doctrine of collateral estoppel first developed in civil litigation, but later was made applicable to criminal cases as part of the Fifth Amendment guarantee against double jeopardy. The Court said the doctrine means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." 397 U.S. at 443.[3] *See also Lee* v. *Commonwealth*, 219 Va. 1108, 1110, 254 S.E.2d 126, 127 (1979), and *C. A. Jones* v. *Commonwealth*, 217 Va. 231, 232, 228 S.E.2d 127, 128 (1976).

The Temple contends that the doctrine of collateral estoppel is inapplicable here because the prior prosecution was against Dorman, while the present proceeding is against the Temple. Collateral estoppel, the Temple submits, "can only be applied between parties who were also parties to the prior judgment."

On the other hand, the Town contends that Dorman was only the nominal defendant in the prior proceeding; the Temple was the real defendant, and Dorman was its privy. Hence, the Town concludes, the trial court properly held that the Temple was collaterally estopped from relitigating the issue concerning the nature of the license ordinance.

We disagree with the Town. In maintaining that Dorman was the Temple's privy in the first proceeding, the Town seeks to engraft upon the criminal law a concept of party representation applicable to civil cases, *viz.*, parties are in privity so that one may represent the interest of the other in legal proceedings if they occupy a "mutual or successive relationship to the same rights of property, or [have] such an identification in interest . . . as to represent the same legal rights." *Patterson* v. *Saunders*, 194 Va.

---

[2] The nature and content of the evidence and argument the Temple wished to present are not relevant to disposition of the estoppel question and will not be discussed.

[3] *Ashe* involved the application of collateral estoppel to "an issue of ultimate fact"; the parties to this appeal agree that the issue concerning the nature of the license ordinance is a legal one. Further, *Ashe* involved defensive use of collateral estoppel; the Town used it offensively in this case. We will assume, without deciding, that the rule in criminal cases would permit application of the doctrine of collateral estoppel to legal as well as factual issues and would allow both offensive and defensive use of the doctrine.

607, 613, 74 S.E.2d 204, 208 (1953). *Accord Nero* v. *Ferris*, 222 Va. 807, 813, 284 S.E.2d 828, 831 (1981).

While the doctrine of collateral estoppel originated in the civil law, it does not follow that all the incidents of the civil rule should accompany the doctrine in its criminal application. Considering the presumption of innocence accorded each person accused of crime and the burden imposed upon the prosecution to prove his individual guilt beyond a reasonable doubt, we believe the terms "privy," "privity," and "nominal defendant" seem out of place when used in a criminal context. It is difficult to conceive of a situation where two criminal defendants similarly charged would have such an identity of interest that one could be held to represent the legal rights of the other; ordinarily, each defendant has the singular interest of exculpating himself alone.

While there may be unusual situations justifying the application of collateral estoppel in criminal cases on the basis of privity, we believe that, as a general rule, "the same parties" language of *Ashe* should be interpreted and applied literally. There is nothing unique about the present situation that would justify a departure from this general rule. Accordingly, we hold that the Temple and Dorman were not "the same parties" and that it was error for the trial court to preclude the Temple from litigating the issue concerning the nature of the license ordinance.[4] For this error, the judgments of the trial court will be reversed, and the case will be remanded for further proceedings.

*Reversed and remanded.*

---

[4] The Town suggests that any error in the trial court's preclusion ruling was harmless because "the record is replete with questions by counsel for the Temple posed in an effort to inject into the instant case the issue of whether the ordinance is a revenue rather than a regulatory measure." It is clear, however, that the trial court held to its view that collateral estoppel precluded the Temple from litigating the issue in the present proceeding.