## CIRCUIT COURT OF STAFFORD COUNTY

Virginia Dynamics Co.

v.

Roy E. Wilfong
and Steve Turco

Case No. (Law) 492-90

Virginia Dynamics Co.

v.

Thomas E. Payne et al.

Case No. (Law) 493-90

November 9, 1990

By JUDGE JAMES W. HALEY, JR.

Defendant lessees have moved to dismiss companion cases filed by plaintiff lessor on the grounds the same are barred by *res judicata* and by the prohibition against splitting indivisible causes of action, together acting as a bar and merger.

In 1987, plaintiff entered into a lease with Master Electrical Contractors, which lease was executed by Steve Turco, Doreen Turco, Thomas E. Payne, and Roy E. Wilfong for premises herein designated 493. In 1988, plaintiff

entered into a lease with Master Electrical Contractors,[1] which lease was executed by Steve Turco and Roy E. Wilfong for premises herein designated 492. Each lease by its terms ended October 31, 1992. Each lease required monthly rent payments. Each lease contained the following term:

> 18. *Termination.* Lessee shall give Lessor a written vacate notice at least 45 days prior to the Lease expiration date. Lessor to have the right to put "LEASE" signs in the demised premises 90 days prior to the Lease expiration date and show premises to prospects. If rent is late in excess of 15 days, or if Lessee fails to keep and perform all of the conditions herein contained, or if Lessee vacates said premises, the rent for the balance of the Lease Term shall be immediately due, and at the option of the Lessor, the Lessee's right of possession shall end, and Lessor shall be entitled to the possession of the leased premises. Lessee nevertheless is to remain liable for any damages of loss of rent Lessor may sustain, and Lessee gives Lessor full power to re-let premises for the benefit of the Lessee. Lessee agrees to pay any expenses, including attorney's fees, incurred by Lessor in enforcing this lease.

Because of "unpaid rent and real estate taxes," Lessor filed unlawful detainer summonses in General District Court and on July 10, 1989, obtained possession of 493 and judgment against Master Electrical Contractors and Steve Turco in the amount of $7,000.00 for rent due for

---

[1] In Case 493, the defendants admit the allegations of the Motion for Judgment that the lease was entered into by "Steve Turco, Doreen Turco, Thomas E. Payne, and Roy E. Wilfong, trading as Master Electrical Contractors."

In Case 492, the defendants admit the allegations of the Motion for Judgment that the lease was entered into by "Steve Turco and Roy E. Wilfong, trading as Master Electrical Contractors."

In light of the foregoing, the defendants are considered partners. Section 50-6, Code of Virginia 1950, Woodson v. Gilmer, 205 Va. 487, 137 S.E.2d 891 (1964); Cooper v. Spencer, 218 Va. 541, 238 S.E.2d 805 (1977).

"April, May and June, 1989," and possession of 492 and judgment against Master Electrical Contractors and Steve Turco in the amount of $2,665.47 for rent due for "April, May, June and July, 1989," and on October 16, 1989, possession of 492 and judgment against Master Electrical Contractors and Roy E. Wilfong in the amount of $1,932.58 for rent due "May, June and July, 1989." Each of these judgments are final.[2]

In each case in this court, plaintiff seeks recovery against the respective defendants all rent and related charges for the balance of each lease, *i.e.*, due or to be due for periods subsequent to that encompassed in the General District Court judgments and up to October 31, 1992.

### I.

In *Snyder v. Exum*, 227 Va. 373, 315 S.E.2d 216 (1984), the court had to determine if a rent acceleration clause was mandatory or optional, and if mandatory, whether that clause required the lessor to institute suit to collect all the rent in one proceeding.[3]

The acceleration clause in *Snyder* is legally identical with that contained in the instant cases. The court noted in *Snyder* that under that clause, "upon default all the

---

[2] For purposes of this opinion, it is immaterial as to whether judgment was obtained against the partnership and individual partners or against individual partners only, as there is no question but that the premises were leased for partnership use.

[3] In Snyder, the pertinent clause read as follows: "In the event of any . . . default by Lessee, all of the rent for the then current term of this lease shall become due and payable, whether or not such rent has accrued, and Lessor, Realtor, and their agents shall have the right to re-enter and resume possession of the property . . . to distrain for rent and also to re-let the property as agent for Lessee for any unexpired balance of the then current term and receive the rent arising from such re-letting. No such entry or re-letting shall constitute either a surrender or terminations of this lease except at the option of Lessor or deprive Lessor of any other right, action, or proceeding for rent, possession, or damages by statute or otherwise."

rent, whether accrued or not, 'shall become due and payable' " is mandatory, not optional.

The court quoted from *Jones v. Morris Alan Bank,* 168 Va. 284, 291, 191 S.E. 608, 610 (1937) as follows:

> The law does not permit the owner of a single or entire cause of action or an entire or indivisible demand, without the consent of the person against whom the cause or demand exists to divide or split that cause or demand so as to make it the subject of several actions. The whole cause must be determined in one action. If suit is brought for a part of a claim, a judgment obtained in that action precludes the plaintiff from bringing a second action for the residue of the claim, notwithstanding the second form of action is not identical with the first, or different grounds for relief are set forth in the second suit.

227 Va. at 377, 315 S.E.2d at 218. See also *Hancock v. White Hall Tobacco Warehouse Co.,* 102 Va. 239, 46 S.E.2d 288 (1904), and *Bates v. Devers,* 214 Va. 667, 670 (footnote 3), 202 S.E.2d 917, 920 (1974). Compare *Deal v. C. E. Nix & Son, Inc.,* 206 Va. 57, 141 S.E.2d 683 (1965).

More recently, in *Flora, Flora & Montague v. Saunders,* 235 Va. 306, 367 S.E.2d 493 (1988), the court sustained a plea of *res judicata* where litigants sought to establish a right of way that could have been established in a prior specific performance action. The court contained the quote from *Jones, supra,* and added:

> *This principle not only embraces what was actually determined, but also extends to every other matter which the parties might have litigated in the case.* Jones, 168 Va. at 291, 191 S.E. at 610 [emphasis added].

[2] The rule against claim-splitting exists to protect a defendant from vexatious and costly litigation resulting from a multiplicity of suits on the same cause of action. *Id.* at 292, 191 S.E. at 610. Indeed, "[n]o one ought to be twice vexed for one and the same clause."

*Id.* The principal test to determine whether claims are a part of the same cause of action is whether the same evidence will support both claims. *Brown v. Haley,* 233 Va. 210, 216, 355 S.E.2d 563, 567 (1987); *Jones,* 168 Va. at 290-91, 191 S.E. at 609-10; see also *Wright v. Castles,* 232 Va. 218, 223-24, 349 S.E.2d 125, 129 (1986); *Bates,* 214 Va. at 672, 202 S.E.2d at 922.

235 Va. at 311, 367 S.E.2d at 495- 496. *See also, tenBraak v. Waffle Shops, Inc.,* 542 F.2d 919 (4th Cir. 1976).

In *Com. Dept. of Social Services v. Johnson,* 7 Va. App. 614, 376 S.E.2d 787, 789 (1989), the court stated:

A person seeking to assert *res judicata* as a defense must establish: (1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made. *Wright v. Castles,* 232 Va. 218, 222, 349 S.E.2d 125, 128 (1986). He must also establish that a final judgment on the merits has been reached by a court of competent jurisdiction. *Storm v. Nationwide Mutual Insurance Co.,* 199 Va. 130, 134, 97 S.E.2d 759, 761 (1957); *Patterson v. Anderson,* 194 Va. 557, 564-65, 74 S.E.2d 195, 200 *cert. denied,* 345 U.S. 965, 73 S. Ct. 952, 97 L. Ed. 1384 (1953).

*See also, Ward v. Charlton,* 177 Va. 101, 125 S.E.2d 791 (1941); *Loudoun Baptist Temple v. Town of Leesburg,* 223 Va. 592, 292 S.E.2d 315 (1982); 46 Am. Jur. 2d *Judgments,* § 394, *et seq.*

The mandatory language contained in the termination/acceleration clauses of the leases made the plaintiff's causes of action indivisible, and the judgments obtained in the General District Court are *res judicata* and constitute a bar and merger to the instant cases.

Accordingly, the motions to dismiss filed by defendants Steve Turco and Roy E. Wilfong in Case 492-90 and in Case 493-90 are granted.

## II.

In Case 493-90, Thomas E. Payne and Doreen Turco are defendants additional to Steve Turco and Roy E. Wilfong.

The commentator in 8B M.J. *Former Adjudication or Res Judicata*, § 14, p. 169, states: "The general rule is well settled that a judgment or decree in a prior suit to conclude a party in a subsequent suit must have been rendered in a proceeding between the same parties or *their privies.*" (Emphasis supplied). See also, *City of Richmond v. Davis*, 135 Va. 319, 320, 116 S.E. 492, 493 (1923); *Wright v. Wright*, 164 Va. 245, 178 S.E. 884 (1935); and *Civil Procedure*, Fleming James, Jr., § 11.23 *et seq.*, p. 584 (1965 ed.).

The question thus arises as to whether Doreen Turco and Thomas E. Payne, who were not named parties in the General District Court actions, may also raise the bar and merger afforded by the doctrine of *res judicata* and the prohibition against splitting indivisible causes of action, that is, are they privies to Steve Turco and Roy E. Wilfong.

In *Patterson v. Saunders*, 194 Va. 607, 613, 74 S.E.2d 204, 208, *cert. den.*, 345 U.S. 998, 97 L. Ed. 1405, 73 S. Ct. 1132, *reh. den.*, 346 U.S. 842, 98 L. Ed. 362, 74 S. Ct. 15 (1953), the court stated:

> It is generally held that privity means a mutual or successive relationship to the same rights of property, or such an identification in interest of one person with another as to represent the same legal rights; and the term "privy" where applied to a judgment or decree refers to one whose interest has been legally represented at the trial.

The court in *Storm v. Nationwide Mutual Ins. Co.*, 199 Va. 130, 134-135, 97 S.E.2d 759, 762, 69 A.L.R.2d 849 (1957), stated that for *res judicata* purposes "such privity involves a person so identified in interest with another that he represents the same legal right." *See also, Mowry v. City of Virginia Beach*, 198 Va. 205, 211, 93 S.E.2d 323, 327 (1956) and *Dotson v. Harmon*, 323 Va. 402, 404-405, 350 S.E.2d 642, 644 (1986). And "a determina-

tion of . . . who are privies requires a careful examination of the circumstances of each case." *Nero v. Ferris*, 222 Va. 807, 813, 284 S.E.2d 828, 831 (1981).

As noted in Footnote 1 above, a partnership between Steve Turco, Roy E. Wilfong, Doreen Turco, and Thomas E. Payne, has been pleaded and admitted and thereby established as a fact in Case 493-90.

Every partner is an agent of the partnership and the other partners. § 50-9, *Halloway v. Smith*, 197 Va. 334, 88 S.E.2d 909 (1955). Each partner is jointly and severally liable for partnership obligations and debts. § 50-15, *Willard v. Worsham*, 76 Va. 392 (1882). Each partner stands in a fiduciary relationship to the partnership and the other partners. § 50-21; *Klotz v. Klotz*, 202 Va. 393, 117 S.E.2d 650 (1961).

It is the opinion of the court that Doreen Turco and Thomas E. Payne stand in privity as defined in the foregoing cases to Steve Turco and Roy E. Wilfong. Accordingly, Case 493-90 is dismissed as to them.

### III.

Counsel for Doreen Turco, Steve Turco, and Roy E. Wilfong will prepare orders dismissing both Case 492-90 and Case 493-90 as to all defendants, which orders shall incorporate this written opinion by reference.