VIRGINIA DYNAMICS COMPANY

v.

THOMAS E. PAYNE

Record No. 911089

September 18, 1992

Present: All the Justices

*R. Scott Pugh (Leland L. Baker, Jr.; Hicks, Baker & Peterson*, on brief), for appellant.

No brief or argument for Thomas E. Payne.

JUSTICE WHITING delivered the opinion of the Court.

In this case, we decide whether a provision of the unlawful entry and detainer statute, Code § 8.01-128, authorizes a lessor to split its cause of action for unpaid rent.

For a period scheduled to begin October 15, 1987, and to end October 31, 1992, Virginia Dynamics Company (the lessor) leased premises in Stafford County to Steve Turco, Doreen Turco, Thomas E. Payne, and Roy E. Wilfong, a partnership trading as Master Electrical Contractors (the lessee). The lessee took possession of the premises.[1] An acceleration clause in the lease provided that

[if the monthly installment of] rent is late in excess of 15 days . . . *the rent for the balance of the Lease term shall be immediately due* and at the option of the Lessor the Lessee's right of

---

[1] None of the parties has appealed the trial court's ruling that the lessee was a partnership comprised of the Turcos, Wilfong, and Payne.

possession shall end, and Lessor shall be entitled to the posses-
sion of the leased premises. Lessee nevertheless is to remain
liable for any damages of loss of rent Lessor may sustain, and
Lessee gives Lessor full power to re-let premises for the bene-
fit of the Lessee.

(Emphasis added.)

The lessee failed to pay the rent for April, May, and June 1989,
and the lessor filed an unlawful detainer warrant on June 13, 1989,
in the General District Court of Stafford County against Steve Turco
and Wilfong, trading as Master Electrical Contractors. On July 10,
1989, the lessor recovered a judgment, now final, for possession of
the premises and for $7,000, the total amount of the three monthly ·
installments of rent and other charges. Shortly thereafter, the lessor
regained possession of the premises, but collected none of the
$7,000.

On July 25, 1990, the lessor sued the Turcos, Wilfong, and Payne
in the circuit court for $97,408.14, the amount allegedly due for rent
and other charges for the entire period of the lease beginning April
1, 1989, and ending October 31, 1992.[2] The Turcos and Wilfong
having filed an appropriate plea, the circuit court dismissed the
action as to all defendants, including Payne, on the ground that the
previous general district court judgment was "res judicata and con-
stitute[d] a bar and merger."[3]

After we awarded the lessor's appeal, it nonsuited its claim
against the Turcos and Wilfong, leaving Payne as the sole party
defendant. We must decide whether the lessor can maintain its
claim against Payne as the remaining partner in Master Electrical
Contractors.

 The lessee argues that the acceleration clause is a mandatory
one. Without so deciding, we will agree with this contention.
Because the clause is a mandatory acceleration clause, the lessee

---

[2] The lessor claimed rent and other charges for April through June 1989 in both the earlier
general district court and the later circuit court actions. Clearly, the circuit court could not
have entered judgment for those three months' rent for which judgment had already been
entered in the general district court.

[3] In oral argument, the lessor suggested that Payne did not file a plea of res judicata or
estoppel by judgment. However, the lessor did not assign error to the trial court's finding
that the four defendants were partners who were in privity with one another, or to its holding
that Payne could rely upon the plea of res judicata or estoppel by judgment filed by the other
partners. Therefore, we will not review this ruling. Rule 5:17(c).

contends that lessor has thereby "contracted away its right, if any, to split its cause of action."

The lessee contends that *Snyder* v. *Exum*, 227 Va. 373, 315 S.E.2d 216 (1984), controls our decision in this case. The *Snyder* lease contained a mandatory acceleration of rent clause upon the lessee's default. We held that this clause required the lessor to include future rent in his initial action for past due rent in order to avoid a defense of claim-splitting.

However, the initial action in *Snyder* was not an unlawful detainer action, as in this case. Thus, Code § 8.01-128 was not involved in *Snyder*.

■ Code § 8.01-128 provides:

*If it appear that the plaintiff was forcibly or unlawfully turned out of possession or that it was unlawfully detained from him,* the verdict or judgment shall be for the plaintiff for the premises, or such part thereof as may be found to have been so held or detained. The verdict or judgment shall also be for such damages as the plaintiff may prove to have been sustained by him by reason of such forcible or unlawful entry, or unlawful detention, of such premises, and such rent as he may prove to have been owing to him, provided such damages and rent claimed shall not exceed the jurisdictional amount of the court in which the action is tried. *No such verdict or judgment shall bar any separate concurrent or future action for any such damages or rent as may not be so claimed.*

(Emphasis added.)

■ Obviously, the emphasized language gives lessors the right to file subsequent actions for rent not claimed in earlier unlawful detainer actions. And, in our opinion, the statutory language "may not be so claimed" is an unambiguous statement that gives the lessor an option to defer its claim for all the rent in its unlawful detainer action, despite the allegedly mandatory acceleration provision in the lease.

■ In creating an exemption to the rules of claim-splitting, Code § 8.01-128 provides the lessor with an opportunity to evict the lessee without losing its right to recover any later deficiency in rent after making an effort to minimize the lessee's damages by renting to another tenant. Such an exemption serves the public policies of maximizing the lessor's use of land and minimizing the defaulting

lessee's damages. *See Snyder*, 227 Va. at 376, 315 S.E.2d at 218 (If acceleration clause enforceable, lessor can still collect all the rent from the defaulting lessee even though he finds a new tenant for the balance of the term).[4]

■ Even so, the lessee claims that the lessor "contracted away" its right to split its cause of action for rent. Assuming, but not deciding, that such a right could be "contracted away," we think that the lessor's statutorily created right to file a subsequent action for rent would have to be expressly waived. *See McMerit Constr. Co.* v. *Knightsbridge Dev. Co.*, 235 Va. 368, 374, 367 S.E.2d 512, 515 (1988) ("In the absence of clear evidence to the contrary, it is presumed that one will not preclude himself from exercising a right granted by statute."); *VNB Mortgage Corp.* v. *Lone Star Industries, Inc.*, 215 Va. 366, 371, 209 S.E.2d 909, 914 (1974). No such waiver appearing, we find no merit in this contention.

Accordingly, we will: (1) affirm the judgment of the trial court sustaining the lessee's plea of *res judicata* and estoppel by judgment relating to the monthly installments for April, May, and June 1989; (2) reverse that part of the judgment sustaining the plea as to the balance of the lessor's claim; and (3) remand the case for further proceedings consistent with this opinion.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

---

[4] As in *Snyder*, we express no opinion of the validity of the acceleration clause as a possible penalty because that issue was not raised in *Snyder*, nor has it been raised in this case.