AIGLON ASSOCIATES, LTD.

V.

GEOFFREY K. ALLAN

Record No. 930917

June 10, 1994

Present: All the Justices

*Steven P. Letourneau (Fine, Fine, Legum & Fine*, on brief), for appellant.
*Gregory Kim Pugh (Stallings & Richardson*, on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

The sole issue we consider in this appeal is whether a landlord's action against a tenant to recover damages for unpaid rent is barred by the doctrine of *res judicata.*

Aiglon Associates, Ltd. filed this action against its former tenant, Geoffrey K. Allan, to recover unpaid rent, interest, and attorneys' fees. Allan filed responsive pleadings, including a "special plea of *res judicata*/collateral estoppel," asserting that Aiglon's cause of action was barred because it had previously obtained a judgment against him for unpaid rent and attorneys' fees in the Virginia Beach General District Court and that the prior litigation involved the same parties, premises, and lease involved in the current litigation. The trial court sustained the special plea in bar, and we awarded Aiglon an appeal.

The relevant facts are not in dispute. Aiglon is a limited partnership and operates the La Promenade Shopping Center located on Laskin Road in Virginia Beach. Aiglon leased certain premises in the shopping center to Allan. The parties executed a written lease dated June 8, 1990.

Allan, who intended to operate a store on the premises, took possession and began making improvements to the premises. Subsequently, he decided that he would not operate the store, and he notified Aiglon by letter of his decision. Aiglon reentered the premises, made certain repairs of Allan's unfinished alterations, and ultimately leased the space to another tenant.

Aiglon obtained a judgment against Allan in the general district court on March 20, 1991. The judgment represented damages for rent due from November 1990 to February 1991, and expenses Aiglon incurred for the restoration of the premises. Aiglon filed

this action to recover rent and other charges from March 1991 until the date of judgment.

Article XXII of the lease states in relevant part:

*SECTION 22.01: Right to Reenter.* In the event of any failure of Tenant to pay any rental due hereunder . . . the Tenant shall be in default of this Lease, and the Landlord, besides other rights or remedies it may have, shall have the immediate right of reentry and may remove all persons and property from the leased premises and such property may be removed and stored in a public warehouse or elsewhere at the cost of, and for the account of Tenant, all without service of notice or resort to legal process and without the Landlord being deemed guilty of trespass, or becoming liable for any loss or damage which may be occasioned thereby.

*SECTION 22.02: Right to Relet.* Should Landlord elect to reenter, as herein provided . . . *it may either terminate this Lease or it may from time to time without terminating this Lease,* make such alterations and repairs as may be necessary in order to relet the leased premises, and may relet the leased premises or any part thereof for such term or terms (which may be for a term extending beyond the term of this Lease) and at such rental and upon such other terms ad [sic] conditions as Landlord in its sole discretion may deem advisable . . . *No such reentry or taking possession of the leased premises by Landlord shall be construed as an election on its part to terminate this Lease unless a written notice of such intention be given to Tenant or unless the termination thereof be decreed by a court of competent jurisdiction.* . . . Should Landlord at any time terminate this Lease for any breach, in addition to any other remedies it may have, it may recover from Tenant all damages it may incur by reason of such breach, including the cost of recovering the leased premises, reasonable attorney's fees, and including the worth at the time of such termination of the excess, if any, of the amount of rent and charges equivalent to rent reserved in this Lease for the remainder of the stated term over the then reasonable rental value of the leased premises for the remainder of the stated term, all of which amounts shall be immediately due and payable from Tenant to Landlord.

(Emphasis added).

Aiglon argues that it did not split its cause of action because Section 22.01 of the lease gives the landlord the right to reenter if the tenant abandons the leased premises, and that Section 22.02 of the lease gives the landlord the option upon reentry to relet the premises without terminating the lease. Further, Aiglon argues that it did not terminate the lease and, therefore, the lease's mandatory acceleration of rent clause was not implicated. Allan, relying principally upon *Snyder* v. *Exum*, 227 Va. 373, 315 S.E.2d 216 (1984), argues that when Aiglon filed its action in the general district court, Aiglon terminated the lease, therefore, all amounts for rent were immediately due and payable, and Aiglon's subsequent action is barred by the doctrine of *res judicata*. We disagree with Allan.

In *Snyder*, we held that a lease, which provided for a *mandatory* acceleration of rent upon the lessee's default, required the lessor to include a claim for future rent in its initial action for past due rent to avoid the defense of *res judicata* to such claims later. *Id.* at 377, 315 S.E.2d at 218. Initially, the landlord in *Snyder* only sued for a portion of the rent, although it was due in full and, therefore, the landlord had improperly split his cause of action.

Here, in contrast to *Snyder*, the mandatory acceleration of rent clause is applicable only upon the termination of the lease. Section 22.02 of the lease provides that the landlord's acts of re-entry or taking possession of the leased premises shall not be construed as an election to terminate the lease unless the landlord provides a written notice of such intention to the tenant. The evidence of record reveals that Aiglon did not provide to Allan a written notice of its intention to terminate the lease.

We disagree with Allan's argument that Aiglon's pleadings filed in the general district court constituted a written notice of Aiglon's intention to terminate the lease. We find no language in the lease that permits the filing of legal process to be deemed a written notice of termination.

Allan asserts that when Aiglon filed its action in the general district court, it proceeded under the lease's termination provision, which is the only clause in the lease that permits the recovery of attorneys' fees which are not recoverable at common law or by statute. Allan argues, therefore, that Aiglon had treated the lease as though it had been terminated. We disagree. Allan apparently

overlooks Section 22.03 of the lease that does not mention termination of the lease and expressly permits Aiglon to recover legal expenses it incurred "for the recovery of rent or any other amount due under the provisions of this Lease."

Accordingly, we hold that Aiglon's cause of action is not barred by the doctrine of *res judicata*. We will remand this case to the trial court solely for a determination of damages that Aiglon is entitled to recover against Allan because of his default.

*Reversed and remanded.*