## CIRCUIT COURT OF FAIRFAX COUNTY

Teachers' Retirement System
of the State of Illinois

v.

American Title Guaranty Corp.

January 12, 1996

Case No. (Law) 138471

By Judge Thomas S. Kenny

This matter is before the court on Plaintiff's Second Supplemental and Renewed Motion for Summary Judgment and Defendant's Renewed Cross Motion for Summary Judgment. At issue here is whether an acceleration clause in a commercial lease amounts to permissible liquidated damages or to an unenforceable penalty.

Plaintiff is the landlord under a three-year commercial lease that runs from February 18, 1994, to February 17, 1997. Defendant failed to pay rent, which triggered the lease's default and damage provisions. *See* Lease ¶¶ 14.2 to 14.3. The landlord terminated the lease pursuant to Paragraph 14.2.3 and now claims that all rent under the lease is due in accordance with the acceleration clause contained in Paragraph 14.3. That clause provides that the "Tenant . . . remain liable for damages . . . including, without limitation . . . (B) an amount equal to all Rent of any kind whatsoever which, but for termination of this Lease, would have become due during the remainder of the Term." There is no provision for discounting the future rent to its present value, nor is the tenant entitled to any offset or credit if the landlord relets the property.[1]

Under common law, when a tenant fails to pay rent and is thereby in default of a lease, a landlord cannot recover future rents. *tenBraak v.*

---

[1] In his brief, Plaintiff offers to give credit to the tenant if the landlord successfully relets the premises (which it apparently has not been able to do so far). That would amount to a re-writing of the parties' contract, which cannot be done unilaterally.

*Waffle Shops*, 542 F.2d 919, 924 (4th Cir. 1976). A landlord and tenant can agree to provide for such recovery, however, by including an "acceleration of rents" clause in the lease. *Id.* at 924, 925; *Aiglon Assocs. v. Allan*, 248 Va. 150, 153-54 (1994); *Snyder v. Exum*, 227 Va. 373, 376 (1984).

Although Virginia courts recognize the legitimacy of an acceleration clause in the commercial lease context, the Virginia Supreme Court has declined to explicitly address whether an acceleration of rent is a valid liquidated damage or rather, an unenforceable penalty. *Virginia Dynamics Co. v. Payne*, 244 Va. 314, 318, n. 4 (1992) (stating that issue was not before the Court); *Snyder*, 227 Va. at 376, n. * (same). A stipulation between parties regarding the amount that is to be paid following a breach of contract is regarded as a valid liquidated damage if the amount "is not out of all proportion to the probable loss." *Taylor v. Sanders*, 233 Va. 73, 75 (1987). An agreement, however, that provides for a liquidated amount that is "grossly in excess of actual damages," or where the actual damage is subject to definite measurement, will be deemed a penalty. *Id.*

For purposes of this opinion, it is not necessary to decide whether *every* acceleration clause in a commercial lease is or is not enforceable. Because this particular clause calls for damages in excess of Plaintiff's actual damages, I find that, as a matter of law, it constitutes an unenforceable penalty.

The actual damages that Plaintiff will suffer will not be known until the end of the lease term, but they will be easily determinable at that time. They will be the difference between the rent that should have been paid under the lease and any rent actually collected if the premises are relet, plus any costs associated with reletting. The acceleration clause in question addresses only one element of this formulation, namely, the rent that should have been paid under the lease.

Although the landlord is under no duty to relet the premises, it has the right to do so under the lease. Because the tenant is not entitled to any benefit upon reletting, if any occurs, the acceleration clause here provides the landlord with a potential windfall. If the acceleration clause were given such effect, the landlord could recover the entire remaining balance from the tenant and at the same time relet the premises and recover a similar amount from a new tenant. This illustrates clearly the penalty nature of the provision.

The Georgia Court of Appeals, in *Peterson v. P. C. Towers, L.P.*, 426 S.E.2d 243 (Ga. App. 1992), applied similar State law to a similar factual situation. There, a tenant failed to pay rent due on a five-year office lease. The landlord terminated the lease and sought accelerated rent pursuant to

the terms of the lease. The acceleration clause of the lease was found to be an unenforceable penalty because the accelerated rent was not a reasonable estimate of the probable loss. The Georgia court determined that the acceleration clause failed to take into consideration future market conditions and the probability of re-letting the property over the remaining term of the lease.

In the present case, the landlord sent notice terminating[2] the lease on January 24, 1995, with more than two years remaining on the lease term. Like the lease in *Peterson*, this lease fails to reasonably estimate the probable loss resulting from the breach of contract. The lease fails to take into consideration future market conditions or the probability of re-letting the property, and to adjust the damages accordingly. Where a landlord of commercial property may mitigate his damages by re-letting the property, but the tenant is contractually bound to pay future rents regardless of whether the property is re-let, the acceleration clause potentially requires payment grossly in excess of actual damages. *See* J.P. FRIEDLANDER, II, VIRGINIA LANDLORD-TENANT LAW 82-83 (Supp. 1995). Therefore, the acceleration provision of this lease is a penalty and will not be enforced.

Furthermore, because this unenforceable penalty is the exclusive remedy under the termination provisions of the lease, the landlord is not entitled to recover any further damages beyond the amounts due as of the date that termination occurred. Because the tenant has admitted all the facts necessary to establish liability for this amount, the court will enter summary judgment for the Plaintiff for all amounts due as of January 24, 1995, and summary judgment for the Defendant on all remaining claims.

---

[2] The landlord insists, and the tenant has admitted, that this notice "terminated" the lease even though it did not use that term. Because the parties are in apparent agreement on the point, the court will assume, without deciding, that the lease has in fact been terminated.