## CIRCUIT COURT OF FAIRFAX COUNTY

Spanos

v.

Khatib et al.

April 17, 1996

Case No. (Law) 149295

BY JUDGE J. HOWE BROWN, JR.

On Friday, April 12, this Court heard Defendants Khatib's Motion for Plea in Bar. After reviewing written memorandum of law and hearing oral argument, this Court took the matter under advisement.

In December, 1983, Plaintiffs Spanos and Defendants executed a lease for certain real property located in Maryland. The lease commenced on January 1, 1984, and was for an initial term of thirty-two years. Since October, 1991, Defendants have failed to pay rent. On March 24, 1992, judgment was entered in Prince George District Court in favor of Plaintiffs for possession of the premises. Although the District Court determined that $20,000.00 was due and unpaid as of March 24, 1992, no money judgment was entered in favor of Plaintiffs. Subsequently, Plaintiffs have filed suit in this Court seeking a monetary judgment. Defendants contend that this suit is barred by res judicata.

Under Virginia law, if a transaction is represented by one single and indivisible contract and the breach gives rise to one single cause of action, it cannot be split into distinct parts and separate actions maintained for each. *Jones v. Morris Plan Bank*, 168 Va. 284, 290 (1937). However, Virginia has a statute which expressly authorizes a lessor to split its cause of action for unpaid rent. Virginia Code § 8.01-128.

In creating the exemption to the rules of claim-splitting, Code § 8.01-128 provides the lessor with an opportunity to evict the lessee without losing its right to recover any later deficiency in rent after making an effort to minimize the lessee's damages by renting to another tenant. *Virginia Dynamics Co. v. Payne*, 244 Va. 314, 317 (1992). In the present case,

Plaintiffs have properly split their cause of action. As such, Plaintiffs' claim is not barred by the doctrine of res judicata, and, consequently, Defendants' Motion for Plea in Bar is denied.