## Wytheville

WILLIAM B. JONES v. MORRIS PLAN BANK OF PORTSMOUTH.

June 10, 1937.

Present, All the Justices.

The opinion states the case.

*Thomas L. Woodward*, for the plaintiff in error.

*G. Curtis Hand*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

William B. Jones instituted an action for damages against the Morris Plan Bank of Portsmouth for the conversion of his automobile. The parties will be designated here as they were in the trial court.

After the plaintiff had introduced all of his evidence and before the defendant had introduced any evidence on its behalf, the latter's counsel moved to strike the evidence of the plaintiff and the court sustained the motion. A verdict for the defendant resulted.

The facts are that the plaintiff purchased from J. A. Parker, a dealer in automobiles, a Plymouth sedan, agreeing to pay therefor $595. He paid a part of the purchase price by the delivery of a used car to Parker of the agreed value of $245 and after crediting that amount on the purchase price and adding a finance charge of $78.40, there remained an unpaid balance due the dealer of $428. This latter

amount was payable in 12 monthly installments of $35.70 each and evidenced by one note in the principal sum of $428.40. The note contained this provision: "The whole amount of this note (less any payments made hereon) becomes immediately due and payable in the event of nonpayment at maturity of any installment thereof." The note was secured by the usual conditional sales contract used in like transactions, in which it was agreed that the title to the car would be retained by the dealer until the entire purchase price was paid in full. One of the provisions in the contract reads thus: "Said note or this contract may be negotiated or assigned or the payment thereof renewed or extended without passing title of said goods to purchaser." Under this provision the contract was assigned to the defendant on the same day it was executed and the note was indorsed by Parker and delivered to the defendant at the same time.

Installment payments due on the note for May and June were not made when payable and for them an action was instituted in the Civil and Police Court of the city of Suffolk. No appearance was made by the defendant (Jones) in that action and judgment was obtained against him for the two payments. Execution issued upon the judgment and it was satisfied while in the hands of the sergeant of said city, by Jones, the plaintiff here, paying the full amount of the execution to the said sergeant.

Later the defendant instituted another action against Jones in the same court for the July installment which had become due and was unpaid, and to that action Jones filed a plea of *res adjudicata,* whereupon the defendant here (Morris Plan Bank of Portsmouth) took a non-suit.

On September 7, 1935, after the plaintiff had parked the automobile in the street in front of his home and had the key in his possession, the defendant, in the night time, through its agent, took possession of the automobile without the consent of the plaintiff and later sold it and applied the proceeds upon the note.

Afterwards, the plaintiff instituted the present action for conversion to recover damages for the loss of the automobile. His action in the court below was founded upon the theory that when the May and June installments became due and were unpaid, then under the acceleration clause in the note, the entire balance due thereon matured and at once became due and the defendant having elected to sue him for only two installments instead of the entire amount of the note, and having obtained a judgment for the two installments and satisfaction of the execution issued thereon, it waived its right to collect the balance. He also contends that the note was satisfied in the manner narrated and that the conditional sales contract, the sole purpose of which was to secure the payment of the note, served its purpose and ceased to exist, and, therefore, the title to the automobile was no longer retained, but upon the satisfaction of the note, passed to the plaintiff and was his property when the agent of the defendant removed it and converted it to its own use.

The position of the defendant is that in an action for conversion it is essential that the plaintiff establish his ownership of the property at the time of the conversion. It asserts that the title to the automobile, which was the subject of the alleged conversion, was not vested in the plaintiff at the time of the action, nor since, because the condition in the contract was that the title should be retained by the seller (whose rights were assigned to the defendant) until the entire purchase price was paid, and that the purchase price had never been paid, and, therefore, the plaintiff has never had title to the automobile and could not maintain the action of conversion.

The defendant also contends that the note and conditional sales contract were divisible; that successive actions could be brought upon the installments as they matured, and that it was not bound, at the risk of waiving its right to claim the balance, to sue for all installments in one action.

The defendant does not deny that the acceleration clause

matured all installments upon the default in the payment of the May and June payments.

This court has definitely recognized and upheld a provision in a note accelerating its maturity on non-payment of interest or installments. *Nickels* v. *People's Building, Loan & Saving Association,* 93 Va. 380, 382, 25 S. E. 8; *Fant* v. *Thomas,* 131 Va. 38, 108 S. E. 847, 19 A. L. R. 280; *Country Club* v. *Wilkins,* 166 Va. 325, 186 S. E. 23, 24.

We decide that under the unconditional acceleration provision in the note involved here and in the absence of the usual optional provision reserved to the holder, the entire amount due upon the note became due and payable when default was made in paying an installment. Therefore, when the action before the Civil and Police Justice of Suffolk was instituted, all the installments were due and payable.

Was it essential that the defendant here institute an action for all of the installments then due, or could it institute its action for only two of the installments and later institute another action for other installments? The answer to that question depends upon the nature of the transaction. If a transaction is represented by one single and indivisible contract and the breach gives rise to one single cause of action, it cannot be split into distinct parts and separate actions maintained for each.

On the other hand if the contract is divisible, giving rise to more than one cause of action each may be proceeded upon separately.

Was the contract here single and indivisible or was it divisible? Our answer is that the note and conditional sales contract constituted one single contract. The sole purpose of the conditional sales contract was to retain the title in the seller until the note was paid. When that condition was performed, the contract ended.

One of the principal tests in determining whether a demand is single and entire, or whether it is several, so as to give rise to more than one cause of action, is the identity of

facts necessary to maintain the action. If the same evidence will support both actions there is but one cause of action.

In the case at bar, all of the installments were due. The evidence essential to support the action on the two installments for which the action was brought would be the identical evidence necessary to maintain an action upon all of the installments. All installments having matured at the time the action was begun, under well settled principles, those not embraced in that action are now barred.

The well established rule forbidding the splitting of causes of action is clearly stated in 1 Am. Jur., "Actions," §96. It is there said: "One may bring separate suits on separate causes of action even if joinder of the separate causes in one action is permissible, subject, however, to the power of the court to order consolidation. On the other hand, one who has a claim against another may take a part in the satisfaction of the whole, or maintain an action for a part only, of the claim, although there is some authority to the effect that a part of a demand cannot be waived for the purpose of giving an inferior court jurisdiction. But after having brought suit for a part of a claim, the plaintiff is barred from bringing another suit for another part. The law does not permit the owner of a single or entire cause of action or an entire or indivisible demand, without the consent of the person against whom the cause or demand exists to divide or split that cause or demand so as to make it the subject of several actions. The whole cause must be determined in one action. If suit is brought for a part of a claim, a judgment obtained in that action precludes the plaintiff from bringing a second action for the residue of the claim, notwithstanding the second form of action is not identical with the first, or different grounds for relief are set forth in the second suit. This principle not only embraces what was actually determined, but also extends to every other matter which the parties might have litigated in the case. The rule is founded upon the plainest and most substantial justice, namely, that litigation should have an

end and that no person should be unnecessarily harassed with a multiplicity of suits."

In the same work, under the same title, § 107, we find the following: "A contract to pay money in installments is divisible in its nature. Hence, each default in the payment of an installment may be the subject of an independent action provided it is brought before the next instalment becomes due, generally speaking, however, a recovery for one installment will bar an action for the recovery of other installments then due. In other words, each action should include every installment due at the time it is commenced, unless a suit is, at the time, pending for the recovery thereof, or other special circumstances exist."

In I Corpus Juris Secundum, "*Actions*," § 102, page 1308, it is said: "The object of the rule against splitting causes of action is to prevent a multiplicity of suits. The law does not favor such a multiplicity; instead it favors any action that will prevent other actions involving the same transaction. The rule exists mainly for the protection of defendant, is intended to suppress serious grievances, and is applied to prevent vexatious litigation and to avoid the costs and expenses incident to numerous suits on the same cause of action. It is based on the maxims, *Interest reipublicae ut sit finis litium* (It concerns the commonwealth that there be a limit to litigation), and *Nemo debet bis vexari pro una et eadem causa* (No one ought to be twice vexed for one and the same cause)."

Again in the same work and volume at page 1309 the nature of the rule is said to be: "The rule against splitting causes of action is based on principles of public policy. It is a salutary principle. It is a rule of justice, not to be classed among technicalities, and is not altogether a rule of original legal right, but is rather an equitable interposition of the courts to prevent a multiplicity of suits through reasons of public policy. As a defense it is not an estoppel, but a bar."

See also, *Kennedy v. New York*, 196 N. Y. 19, 89 N. E. 360, 25 L. R. A. (N. S.) 847; *Matheny v. Preston Hotel*

Co., 140 Tenn. 41, 203 S. E. 327; *Stroud* v. *Conine*, 114 Ark. 304, 169 S. W. 959.

The general rule established in Virginia is the same as that prevailing in the majority of jurisdictions. See Digest of Virginia and West Virginia Reports, vol. 1, page 79; *Hite* v. *Long*, 6 Rand. 457, 18 Am. Dec. 719; *Huff* v. *Broyles*, 26 Gratt. (67 Va.) 283, 285; *St. Lawrence Boom & Manufacturing Co.* v. *Price*, 49 W. Va. 432, 38 S. E. 526; *Hamilton* v. *Goodridge*, 164 Va. 123, 178 S. E. 874.

In *Hancock* v. *White Hall Tobacco Warehouse Co.*, 102 Va. 239, 46 S. E. 288, it was held that "A demand arising from an entire contract cannot be divided and made the subject of several suits; and if several suits are brought for a breach of such a contract, a judgment upon the merits in either will bar a recovery in the others."

██ Our conclusion is that the court below erroneously struck the evidence of the plaintiff, because when the defendant instituted its action for only two of the installments (when all of the others were due), obtained a judgment on them and procured satisfaction of the execution issued thereon, it constituted a complete bar to any action for the other installments; therefore, the appellant is not allowed to set up, in defense of the present action for the conversion of the automobile, the fact that other installments have not been paid though they were due when the first action was instituted. At the time the defendant lost its right to institute any action for the remaining installments, the title to the automobile passed to the plaintiff. He was the owner at the time the agent of the defendant took possession of it and exposed it to sale.

It follows that the judgment of the court below will be reversed, and the case will be remanded for the sole purpose of determining the *quantum* of damages.

*Reversed and remanded.*