## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Louis P. Haboush

v.

Herman Earl Mulligan
and Joyce Mulligan

March 9, 1970

Case No. 2009

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today granting judgment in favor of the plaintiff against Joyce Mulligan in the amount of $600.

The suit against Herman Earl Mulligan is dismissed without prejudice. On November 6, 1969, he was convicted of a felony (unlawful wounding) and sentenced to the state convict road force for one year. Code, Sections 18.1-65 and 18.1-6. In view of this conviction, a judgment may not be entered against him individually. A committee should have been appointed and substituted as a party defendant in place of the aforesaid individual defendant who was convicted and sentenced after having been sued herein. Code, Sections 53-305 through 53-307. The plaintiff here elected to proceed with this case after the above was explained to him in open court.

As to the defendant, Joyce Mulligan, who was represented at the trial by counsel but who failed to appear and testify, the court finds that the plaintiff

has borne the burden of proving that the defendants jointly contracted to sell the boat in question to the plaintiff. As a part of that joint agreement the defendants promised to install on the boat the 115 volt electrical system (which was not aboard the boat at the time the plaintiff took possession) after having it reconditioned and put in working order. This the defendants jointly failed to do and the plaintiff was damaged in the amount of $600.00.

The defendant, Joyce Mulligan, argues that since the defendant, Herman Earl Mulligan, has been dismissed, then no judgment can be entered against her because since this is an indivisible contract, this would amount to the splitting of a cause of action if the plaintiff were allowed to recover against her only. The plaintiff cites 1A M.J. Actions, Section 14. See also Jones v. Morris Plan Bank, 168 Va. 284 (1937). But this is not a case where the plaintiff is splitting a cause of action arising from one single and indivisible contract. Rather it is the case of a contract made by two persons jointly wherein by statute the plaintiff is allowed to sue one or both. Code Section 8-514 provides, in part, that "upon all contracts made by more than one person, whether joint only or joint and several, an action may be maintained and judgment rendered against all liable thereon, or any one or any intermediate number . . ." (emphasis added). See also 4 M.J. Contracts, Section 95.