## CIRCUIT COURT OF THE CITY OF NORFOLK

Eastern Virginia Medical Authority

v.

Thomas H. Pyle

June 22, 1982

Case No. (Law) L-81-2200

By JUDGE JOHN W. WINSTON

Eastern Virginia Medical Authority (E.V.M.A.) seeks judgment for medical services valued at $7,214.00 from Thomas H. Pyle, father of Daniel Lawrence Pyle. During portions of 1978, 1979 and 1980 Daniel received medical attention from two divisions of E.V.M.A., specifically the Medical Services Programs and the Community Health Center, with Thomas H. Pyle guaranteeing payment prior to it being given.

The bill of the Medical Services Programs Division of E.V.M.A. amounted to $944.00 and covered the period between December 12, 1978, and April 12, 1979, and the date of April 4, 1980. (Hearing Exhibit 1 filed June 16, 1982.)

The bill of the Community Mental Health Center Division of E.V.M.A. amounted to $7,214.00 and reflected services performed between January 12, 1979, and sometime in July, 1979 (date of last bill). One item was for service during 1978. (Hearing Exhibit 2 filed June 16, 1982.)

On or about November 24, 1980, E.V.M.A. sued Thomas Pyle in the Norfolk General District Court, Civil Division, for the $944.00 representing the value of the services of its Medical Service Programs Division. It settled this claim for $150.00 against a release, and the General District Court dismissed the matter "agreed with prejudice"

in an order entered February 24, 1981. (Hearing Exhibit 1 filed June 16, 1982.)

Then on November 23, 1981, E.V.M.A. filed suit in the Circuit Court of the City of Norfolk against Thomas H. Pyle for the $7,214.00 representing the value of the services of its Community Mental Health Center Division (originally the suit was styled in the name of that Division, was then amended by order to substitute E.V.M.A. as plaintiff). Defendant Pyle first pleaded accord and satisfaction (overruled), thereafter timely filed a Plea of Res Adjudicata. That latter plea as argued is the subject of this letter opinion.

In Virginia a running account ordinarily constitutes but one cause of action and cannot be divided into separate claims by the creditor so as to provide a basis for several actions. This is to prevent harassment of the debtor. While such rule is for his benefit and protection, Thomas H. Pyle could waive it or request or agree to a different arrangement such as separate accounts. See *Jones* v. *Morris Plan Bank*, 168 Va. 284 (1937); *Shepherd* v. *Richmond Engineering Co., Inc.*, 184 Va. 802 (1946); *Deal* v. *Nix & Son, Inc.*, 206 Va. 57 (1965); also Michie's Jurisprudence, vol. 1A, *Actions*, §§ 14-16, pages 153-156.

The factual exhibits and the pleadings filed contain no suggestion and permit no finding that Thomas H. Pyle waived his right to be sued only once for all of the indebtedness he had guaranteed on behalf of his son. Indeed counsel for E.V.M.A. has not argued waiver at all. Nor do the exhibits or the pleadings allow a suggestion or finding that Thomas H. Pyle urged or agreed to the system of accounts and billing set up by the divisions of E.V.M.A., with separate accounts and account numbers and billings by division. That was done by E.V.M.A. apparently for its benefit alone and not for that of its patients. (See letter of attorney Tiffany mailed to the court dated June 17, 1982.)

Based upon the record before it this court is prepared to rule that a single running account existed in the name of Daniel Lawrence Pyle in favor of E.V.M.A. and that Thomas H. Pyle has neither waived his right to one billing or agreed to or requested separate billings by its divisions. Thus when E.V.M.A. sued him in General District Court and then settled that claim as presented there,

it was barred (absent waiver) from again suing him in the Circuit Court for any other money then due and owing by his son.

However, before entering any order to that effect this court will allow E.V.M.A. until July 9, 1982, to notify the court in writing that it desires to present evidence to show that Thomas H. Pyle waived his right to plead res adjudicata or that he requested or agreed to the multiple account procedure that was adopted here by the divisions of E.V.M.A. If it fails to do so, the court will understand that no such evidence exists and counsel for Thomas H. Pyle may present an order sustaining his plea of res adjudicata. If E.V.M.A. wishes to present evidence and so states, then any ruling on that plea will await and be guided by such presentation.