## CIRCUIT COURT OF THE CITY OF ROANOKE

Dominion Leasing Corp.

v.

W. Edward Thompson et al.

v.

Law Firm of Lee & Harvey et al.

April 10, 1989

Case No. CL88000240

By JUDGE CLIFFORD R. WECKSTEIN

The plaintiff (Dominion Leasing) has sued the defendants (collectively, Thompson) on written lease and guaranty documents. Thompson has filed a third-party claim against the third-party defendants (collectively, Lee). Dominion Leasing's motion to sever the third-party claims has been taken under advisement. Lee has moved to dismiss the third-party claims and has objected to discovery proceedings initiated by Thompson.

The Court has reviewed the voluminous documents, including memoranda of authorities, filed in this case. On April 7, 1989, counsel argued orally the motion to dismiss the third-party claim, and I announced the rulings that are memorialized in this opinion letter.

Upon consideration of the pleadings, exhibits, memoranda, authorities, and argument, the Court dismisses with prejudice the third-party claims. These claims are barred by *res judicata*, estoppel by judgment and collateral estoppel. The questions raised in the instant third-party action were raised, however inartfully, in pleadings filed by Thompson in a prior action among the same parties in the

United States District Court for the District of Columbia. To the point, the claims now asserted are matters "which the parties might have litigated in the case" in the District of Columbia federal court, *Jones v. Morris Plan Bank*, 168 Va. 284, 291, 191 S.E.2d 608 (1937). The federal case was dismissed with prejudice. *See generally*, *Flora, Flora & Montague, Inc. v. Saunders*, 235 Va. 306, 367 S.E.2d 493 (1988).

Thompson's written response to Lee's motion to dismiss is, in some parts, disingenuous. In one respect, it is more. It is deceitful. Thompson advances authorities for the general proposition that, under the Federal Rules of Civil Procedure, an action voluntarily dismissed is dismissed without prejudice; that *res judicata* does not apply to a voluntary nonsuit taken without prejudice. Thompson's argument deliberately ignores the fact that the District of Columbia action was, upon stipulation of the parties, dismissed *with* prejudice.

Furthermore, Thompson's memorandum filed January 24, 1989, makes clear the fact that, in opposing dismissal of the third-party claim, he wishes to litigate in this Court matters which, in the written agreement setting the federal case, he contracted to arbitrate. Judge Harold Greene, in a memorandum and order filed August 19, 1988, in the United States District Court for the District of Columbia, imposed Rule 11 sanctions against Thompson for similarly trying to litigate (on contempt motions) claims that appear to be the same or similar to those Thompson makes in his current pleadings and memoranda.

Still further, Thompson has attempted to engage in discovery in this case in a manner that is totally foreign to permissible procedures under the Rules of the Supreme Court of Virginia.

In the proceedings held on April 7, 1989, it was disclosed that, on April 5, a judge of the Superior Court for the District of Columbia had dismissed what Lee asserted (and Thompson did not dispute) was a similar third-party action filed by Thompson against Lee in that court, on the same basis (Lee stated without contradiction) that this Court dismisses the third-party claim. Nonetheless, Thompson continued to pursue his action against Lee in this Court.

For all of these reasons and because an attorney who had made any reasoned inquiry would have concluded that the third-party claims are barred by law, this Court will impose sanctions under Virginia Code § 8.01-271.1 against counsel, W. Edward Thompson, and against clients, W. Edward Thompson and W. Edward Thompson & Associates, P.C. Judge Greene, in imposing sanctions against Mr. Thompson and his counsel, wrote that, "It would be difficult to construct a better case for the imposition of Rule 11 sanctions." Judge Greene has not had the opportunity to see Mr. Thompson's filings in the case at bar. *This* is a better sanction case than the one Judge Greene had. The pleadings and memoranda filed by Thompson in the third-party action are outrageous and egregious violations of Section 8.01-271.1. They evidence little *but* desire to vex and harass Lee and to unnecessarily delay Dominion Leasing's case. *See generally, Sanctions: Rule 11 and Other Powers*, 2d ed., American Bar Assn. 1988, and cases therein cited. The Court will fix the sanctions after counsel for Lee have had the opportunity to submit statements of their attorney fees and costs.

Dismissal of the third party claim moots Lee's objection to Thompson's discovery requests and likewise moots Dominion Leasing's motion to sever.

The Court has examined the pleadings filed by Thompson in response to the motion for judgment. Especially when these pleadings are stripped of their allegations against Lee, they constitute an admission of liability on the causes of action plead in the motion for judgment. The Court, on its own motion, will enter summary judgment for Dominion Leasing on liability and set the matter down for trial on damages.