## CIRCUIT COURT OF FAIRFAX COUNTY

T. Rowe Price Realty
Income Fund II

    v.

Nova Blue, Inc., et al.

March 21, 1991

Case Nos. (Law) (Consolidated) 86597, 86756, 85829

By JUDGE THOMAS S. KENNY

This cause is before the Court after a bench trial on the merits on February 25, 1991, at which time the Court found for plaintiffs as to their right to payment of rents due under a lease with the defendants. Subsequent to a determination of liability, the parties presented oral argument and briefs to address the specific question of whether the plaintiff was entitled to recover all sums due under the lease up to the date of judgment or was limited to that amount owing upon the institution of the present action.

At trial, I made certain findings of fact which are relevant to this proceeding. Nova Blue entered into a contract to lease certain premises owned by the plaintiff, T. Rowe Price. The lease was guaranteed by the other defendant, Richard H. Bartlett. In September of 1989, Nova Blue was required to vacate the premises for nonpayment of rent, at which time T. Rowe Price began to search for a new tenant. Despite "heroic efforts" on the part of T. Rowe Price to secure an alternative lessee, the premises remained vacant and the plaintiff sought to collect the installments due under the lease by filing suit in this Court. The sole issue for determination is through what date the plaintiff is entitled to recover under the lease.

There is little case law in Virginia to guide this Court in its decision; none of the authorities cited by either counsel are directly on point to the specific issue. However, there is some merit to answering this dilemma by analogy to the law of unlawful detainer. In 1977, the Virginia General Assembly recodified the title of the Virginia Code dealing with Civil Remedies and Procedure. As part of this process, it repealed old § 8-793 and enacted § 8.01-128 which provides for the assessment of damages in unlawful detainer actions. Under § 8.01-128, the measure of damages shall be "such rent as he [plaintiff] may prove to have been owing to him . . ." As the Revisers' Note suggests, this language does not contain the restriction on damages contained in former § 8-793 which limited plaintiff to those damages owing to him "at the time of the institution of the action . . ." Thus, the legislature has indicated a desire to allow recovery of damages (including rent) in unlawful detainer actions up to and through the date of judgment.[1]

Guided by the foregoing analysis, I conclude that plaintiff is entitled to recover all installments of rent and additional rent due under the lease through the date of judgment. Plaintiff has recalculated those damages in accordance with my bench ruling at $1,508,829.79, and judgment shall be granted for that amount.[2]

---

[1] See also Section 8.01-127, which states in pertinent part that upon removal of an action from General District Court to Circuit Court, the tenant must give "security for all rent which has accrued and may accrue upon the premises . . . ."

[2] This decision expressly does not address whether the plaintiff may subsequently sue for any further damages under the lease. See Jones v. Morris Plan Bank of Portsmouth, 168 Va. 284 (1937).