## CIRCUIT COURT OF RICHMOND COUNTY

AGCO Corp.,
individually and
as assignee of
Whirlpool Financial Corp.

v.

Thomas D. Carwile

August 25, 1993

Case No. 14–93L

BY JUDGE JOSEPH E. SPRUILL, JR.

From time to time during 1991, Deutz-Allis Corporation delivered farm machinery to its authorized sales agent, Warsaw Equipment Company (Warsaw), retaining valid security interests in the machinery. Among the deliveries was a Model 9190 Deutz-Allis Tractor, Serial No. 2014 (the tractor), which is the subject of this proceeding.

On July 9, 1991, Thomas D. Carwile claims to have purchased from Warsaw for $100,000 three tractors, including this tractor, which he promptly took into his possession leaving the other two tractors on the premises of Warsaw.

On August 1, 1991, AGCO (successor to Deutz-Allis and Whirlpool Financial Corporation) took possession of the inventory of Warsaw, which had failed. Among the equipment seized were the two tractors Carwile claims to have purchased and left at the premises.

Thereafter Carwile filed a Motion for Judgment in Detinue against Deutz-Allis for possession of these two tractors. Because another party claimed entitlement to one of the tractors, Deutz-Allis filed an interpleader action. These cases were consolidated for trial, and by Memorandum Opinion dated October 2, 1992, this Court found Carwile not to be a buyer in the ordinary course of business and, therefore, not

entitled to possession of the two tractors which were the subject of that litigation. [30 Va. Cir. 35.]

On April 15, 1993, AGCO filed a Motion for Judgment in Detinue against Carwile for possession of the third tractor. In response, Carwile has filed a Plea of Res Judicata. Carwile claims he purchased all three tractors at the same time and on the same sales slip and that the right to possession of two of the tractors has been fully litigated. He claims AGCO did not then seek any determination of the possessory rights to the third tractor and that it should not now be allowed to split its causes of action against him. Because it failed to include the tractor in the prior litigation, AGCO is now barred by the doctrine of res judicata, asserts Carwile.

Carwile relies upon *Flora, Flora and Montague, Inc. v. Saunders*, 235 Va. 306 (1988), which held:

> A valid personal judgment on the merits . . . bars relitigation of the same cause of action or any part thereof which could have been litigated between the same parties and their privies . . . . A claim arising from an indivisible contract cannot be split and made the subject of separate actions . . . but, being a single cause of action, must be litigated in one suit . . . .

In *Flora*, a party sued successfully for specific performance of an option contract. In a second suit, the party sought a determination of the location and width of roadways and easements mentioned in the option contract. A plea of res judicata was sustained, and the suit was dismissed. In affirming the dismissal, the Supreme Court quoted from *Jones v. Morris Plan Bank*, 168 Va. 284 at 290 (1937).

> The law does not permit the owner of a single or entire cause of action or an entire or indivisible demand . . . to divide or split that cause or demand so as to make it the subject of several actions. The whole cause must be determined in one action. If suit is brought for a part of a claim, a judgment obtained in that action precludes the plaintiff from bringing a second action for the residue of the claim, notwithstanding the second form of action is not identical with the first, or different grounds for relief are set forth in the second suit. *This principle not only embraces what was actually determined, but also extends to every other matter which the parties might have litigated in the case.*

AGCO asserts that it is not splitting its cause of action and that the present action is a distinct claim for a separate piece of equipment. AGCO claims that because its interest in each of the tractors is based upon its security agreement with Warsaw, it has a separate claim for each piece of equipment in the hands of third parties. The argument goes that because Carwile claims to have had an agreement with Warsaw and AGCO also had an agreement with Warsaw but not agreement with Carwile, we have competing interests created by distinct contracts and, thus, AGCO should be allowed to maintain this action.

AGCO further argues that because Carwile has previously been found to be not a buyer in the ordinary course of business, he is precluded by the doctrine of collateral estoppel from relitigating this issue in the present proceeding. Consequently, AGCO claims entitlement to possession of the tractor at this point. Carwile's status has indeed been previously adjudicated. The parties are thus precluded or collaterally estopped from litigating this issue which was essential to the valid and final personal judgment in the first action. See *Bates v. Devers*, 214 Va. 667 (1974). This conclusion, however, does not resolve the question of whether this action is barred by res judicata.

This proceeding is barred if the right to possession of the third tractor is a matter which the parties could have or might have litigated in the prior action.

For res judicata purposes, four elements must concur: (1) identity of the remedies sought, (2) identity of the cause of action, (3) identity of the parties, and (4) identity of the quality of the persons for or against whom the claim is made. *Wright v. Castles*, 232 Va. 218 (1986).

In the prior action, and in this case, the remedies sought have been the same, i.e., possession of farm tractors; the cause of action has been the same, i.e., detinue; the parties have been the same, i.e., AGCO and Carwile (and in addition, Hutt, as to one of the tractors).

Following Carwile's filing of the earlier detinue action against Deutz-Allis, Deutz-Allis, now AGCO, filed an interpleader pursuant to statute. AGCO could have brought the third tractor into the interpleader action. We can think of no valid objection Carwile could have made had AGCO done so. AGCO was as much entitled to a judicial determination of the validity of its security interest in this tractor as it was for the other two. Carwile's interests in the three tractors, whatever that might have been, derived from a single source.

The principal test to determine whether claims are part of the same cause of action is whether the same evidence will support both claims. *Flora, supra.* In the present case, it would.

"The doctrine of res judicata is firmly established in our jurisprudence and should be maintained where applicable." *Ward v. Charlton,* 177 Va. 101 (1941).

Finding that the issue here is one that the parties might have litigated in the earlier proceeding, the plea of res judicata will be sustained.