## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Rylea Homes, Inc.

v.

Breezewood, Inc.

August 5, 1994

Case No. C94-116

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question before the Court is whether a suit for specific performance of a contract is barred by the doctrine of res judicata when in previous litigation between the same parties the plaintiff unsuccessfully sought rescission of the contract on the ground of mutual mistake.

### Facts

Rylea Homes seeks specific performance of a contract dated January 8, 1987, by which Breezewood agreed to sell and Rylea Homes agreed to buy a number of lots in Enchanted Woods, a residential subdivision in Spotsylvania County. Specifically, Rylea Homes asks the Court to compel performance of Paragraph 3.08 of the contract which provides, in pertinent part, that if Rylea Homes purchases a lot for which it cannot obtain a building permit according to the approved plot plan, it may exchange that lot for a comparable lot owned by Breezewood.

This litigation involves ten lots that Rylea Homes purchased under the contract. The parties have been informed by the U. S. Army Corps of Engineers that those lots are subject to federal wetlands legislation and, consequently, any improvements to these lots will require a permit under § 404 of the Clean Water Act. The County building department has said that it will not issue building permits for the affected lots without a § 404 wetlands permit.

Therefore, Rylea Homes asserts, it has the right under its contract with Breezewood to return these ten lots to Breezewood in exchange for ten others for which permits would be obtainable.

At the time this suit was instituted, another chancery suit, *Rylea Homes, Inc. v. Breezewood, Inc.*, No. C92-436, was pending in this Court. In that case, Rylea Homes alleged essentially the same facts and asked the Court to rescind the contract of January 8, 1987, on the ground of mutual mistake. The "mistake" was the parties' ignorance of the federal wetlands legislation.

The suit for rescission was tried ore tenus. The Court took the case under advisement. While the Court had the case under advisement, Rylea Homes filed a motion to amend its pleadings in that case to seek specific performance of § 3.08 of the contract. That motion was later denied. During that same period, Rylea Homes instituted this suit.

On July 14, 1994, this Court issued an opinion letter concluding that Rylea Homes was not entitled to rescission of its contract with Breezewood. Final judgment has been entered in that case.

Meanwhile, in this case, Breezewood filed a plea of res judicata, contending that prosecution of this case is precluded by the first lawsuit.

(Breezewood filed its plea of res judicata before a final decision had been made in the rescission suit. Because there was no finality to that suit when the plea was filed, it was, as a technical matter, untimely. However, no objection was raised on that ground. Further, a final decree now has been entered in the rescission suit. Therefore, the Court will proceed to rule on the merits of Breezewood's plea.)

### Decision

Briefly stated, the doctrine of res judicata postulates that a final judgment on the merits rendered by a court of competent jurisdiction is an absolute bar to a second suit between the same parties and upon the same claim or cause of action. Burks, *Pleadings and Practice* (4th ed. 1952), § 357. The purpose of the doctrine is to give meaningful finality to judgments by declaring that matters of fact and law once adjudicated between the parties to a lawsuit cannot be judicially reconsidered. The prevailing party has a right to a judgment that is final. Furthermore, it is in the interest of judicial economy that there be an end to litigation. Bryson, *Handbook on Virginia Civil Procedure* (1989), p. 477.

The parties agree that this suit involves the same parties and essentially the same subject matter — i.e., ten lots in Enchanted Woods subdivision purchased by Rylea Homes from Breezewood — as the previous suit. The

focus is on the narrower question whether this lawsuit involves the same "claim" or "cause of action" as the previous case.

> The law does not permit the owner of a single or entire cause of action or an entire or indivisible demand . . . to divide or split that cause or demand so as to make it the subject of several actions. The whole cause must be determined in one action. If suit is brought for a part of a claim, a judgment obtained in that action precludes the plaintiff from bringing a second action for the residue of the claim, notwithstanding the second form of action is not identical with the first or different grounds for relief are set forth in the second suit. This principle not only embraces what was actually determined, but also extends to every other matter which the parties might have litigated in the case. *Jones v. Morris Plan Bank*, 168 Va. 284 (1937).

The principal test to determine whether claims are a part of the same cause of action is whether the same evidence is necessary to support both claims. *Flora v. Saunders*, 235 Va. 306 (1988); Burks, *supra*, § 357.

Applying these principles to the facts of this case, the Court concludes that this suit to compel specific performance of the contract is not barred by the previous lawsuit for rescission of the conveyances that were made pursuant to that contract.

In the previous litigation, the issue was whether the transactions that the parties consummated pursuant to the contract should be rescinded on the ground of mistake. As noted above, the "mistake" was the parties' ignorance of federal wetlands legislation at the time the contract was made and at the time the lots were conveyed. In that suit, Rylea Homes made no claim under or based on the contract itself. In fact, a suit for rescission is the counterpart of specific performance. A claim that a transaction should be rescinded because of mistake is a disavowal or repudiation of the contract. That claim seeks to undo the transaction and return the parties to the status quo ante. In a suit for specific performance of a contract, the plaintiff acknowledges the validity of the contract and seeks to compel its performance.

Although some of the facts regarding paragraph 3.08 of the contract were mentioned at the previous trial, those facts were not necessary to support the claim for rescission. In fact, they were not particularly relevant. Evidence that will be offered in this case pertaining to the enforce-

ment of paragraph 3.08 of the contract surely will not be the same evidence that was necessary to determine the claim for rescission.

Specific performance and rescission, at least in the context of these circumstances, do not constitute one "entire or indivisible claim or demand." There is no "claim-splitting" here. In fact, as mentioned above, in most respects, specific performance is the antithesis of rescission.

For these reasons, the Court is of the opinion that under these circumstances a suit for specific performance of a contract is not barred by a previous lawsuit between the same parties in which the plaintiff unsuccessfully sought to rescind the transactions consummated under that contract on the ground of mistake.

Therefore, the plea of res judicata will be overruled.

Mr. Nageotte will please prepare and circulate an order, making reference to this opinion and allowing Breezewood twenty-one days to file a responsive pleading. Thereafter, counsel should submit a sketch decree referring this case to a commissioner in chancery.