# CIRCUIT COURT OF CHESTERFIELD COUNTY

Earnest W. Harrison et al.

v.

Steven D. Barker et al.

June 13, 2006

Case No. CH05-1525

BY JUDGE HERBERT C. GILL, JR.

This matter came before the Court on May 4, 2006, on Defendant's Special Plea in Bar of Res Judicata and/or Collateral Estoppel. After hearing the arguments of counsel, the Court took the matter under advisement. Having reviewed the law, the Court now issues its ruling.

In general, res judicata is defined as: "A legal or equitable issue, necessarily involved in a former suit, on which there has been a final judgment or decree, obtained without fraud and collusion, and rendered by a court of competent jurisdiction necessarily affirming the existence of that fact, is conclusive upon the parties or their privies, whenever the existence of that fact is again in issue between them." Michie's Jurisprudence, *Former Adjudication and Res Judicata*, § 2, 182 (2004). More specifically, "the bar of res judicata precludes relitigation of the same cause of action, or any part thereof, which *could have been litigated* between the same parties and their privies." *Davis v. Marshall Homes, Inc.*, 265 Va. 159, 164, 576 S.E.2d 504 (2003), citing *Smith v. Ware*, 244 Va. 374, 376, 421 S.E.2d 444 (1992) (emphasis added). A claim is considered one that "could have been litigated" when the claims, if tried separately, "would constitute claim-splitting. 'Claim-splitting' is the bringing of successive suits on the same

cause of action where each suit addresses only part of the claim." *Id*. at 164, citing *Jones v. Morris Plan Bank of Portsmouth*, 168 Va. 284, 291, 191 S.E. 608 (1937) (internal citations omitted).

In this case, claim-splitting has not occurred. The claims brought in the previous proceeding, *Chase Manhattan Bank v. Alpene Land, L.L.C.*, Chesterfield County Case No. CH04-291, are not identical to the claims brought in the current proceeding. Though both involve the properties commonly known as 501 Fairmont Drive and 502 Fairmont Drive, in Chesterfield County, the actual issues litigated in the first proceeding are different in nature from those raised in the second.

The test for whether claims constitute a single cause of action is "whether the same evidence is necessary to prove each claim." *Id*., at 166, citing *Brown v. Haley*, 233 Va. 210, 216, 355 S.E.2d 563 (1987). The mere fact that some of the same evidence is relevant in both cases does not automatically mean that a Plaintiff has only one claim or engaged in claim splitting. *Id*. In these actions, the first case, *Alpene*, was to quiet title and establish an easement for ingress and egress to Fairmont Drive. In the second case, currently at bar, the Petitioner not only seeks to quiet title in the name of a new property holder, but asks for injunctive and declaratory relief relating to a utility easement. Though the utilities in dispute are located in the same easement established in *Alpene*, additional evidence is necessary to establish the utility easement.

Respondent argues in his Memorandum of Law in Support of Demurrer and Special Plea that Petitioner is asking for nothing more than an expansion of rights decided in the previous suit. Respondent's Memorandum of Law in Support of Demurrer and Special Plea, p. 7-8. The Court finds that this is not the case. The original Plaintiff did not seek the same relief sought in this current matter, nor does it appear that the issue of the utility easement was ripe for adjudication at the time of the first suit; the pleadings indicate that the utility issue was not raised until November 17, 2005. Petitioner's Bill of Complaint for Injunctive Relief, Declaratory Relief, and to Quiet Title, p. 5, Exhibit 4. The mere fact that both suits involve easements is not dispositive.

Therefore, the Court finds that neither res judicata, nor the more narrow doctrine of collateral estoppel, apply in this matter.