472

## CIRCUIT COURT OF AMHERST COUNTY

John M. White, Jr., et al.

v.

John M. White, Sr., et al.

Case No. CL06006303

BY JUDGE J. MICHAEL GAMBLE

April 16, 2007

I am writing this letter to rule on the plea in bar of the defendants in this case. The plea in bar is granted and the case is dismissed.

In a previous action, *John M. White, Jr., et al. v. John M. White, Sr., et al.*, CH04010093, the plaintiffs filed a cause of action requesting that the savings account that is the subject of this action be reformed by adding survivorship provisions. After a trial on the merits, this court dismissed that claim.

The claim in the instant case seeks a constructive trust for the same savings account with direction that the funds represented by the certificate of deposit be transferred to the plaintiffs. A review of the pleadings in both cases discloses that each claim for relief arises from the same identified conduct, transaction, or occurrence and that the defendants are identical in each case.

Rule 1:6 of the Rules of the Supreme Court of Virginia, effective July 1, 2006, precludes successive causes of action arising from the same conduct, transaction, or occurrence against the same defendants regardless of the legal elements upon which the claims depend or the particular remedies sought. Accordingly, even though there are different remedies sought and different elements of proof in these two cases, the identity of the conduct, transaction, and occurrence bar the instant cause of action.

*Order*

All of the defendants, except John M. White, Sr., have filed a plea in bar to the complaint. For the reasons set forth in the opinion letter dated April 16, 2007, which is incorporated into this order by reference, the court doth adjudge, order, and decree that the plea in bar is sustained on the grounds of claim preclusion, and the claim is dismissed as to all parties. The objections of the plaintiffs to the ruling set forth in this order are noted. Endorsement of this order is waived. The clerk is directed to mail a certified copy of this order to counsel of record. This case is ended and removed from the docket.

May 23, 2007

I am writing this letter to rule on the plea in bar of the defendants in this case. The plea in bar is sustained and this case is dismissed.

In the instant case, the plaintiffs seek to have the court impose a constructive trust on a certain savings account. The plaintiffs further request that, pursuant to the constructive trust, the court divide the funds into separate accounts that would reflect the proportion of funds that would be received by the plaintiffs if certain payable on death (POD) accounts established by Vivian White Cohen had been maintained. In an earlier case, *John M. White, Jr., et al. v. John M. White, Sr., et al.*, CH04010093, the plaintiffs sought to prove that it was the intent of Vivian White Cohen to maintain POD accounts with the plaintiffs or that it was a mistake to establish non-POD accounts. After a trial on the merits, the court ruled in favor of the defendants and dismissed the plaintiffs' bill of complaint.

In the instant case, the defendants have filed a plea in bar on the grounds of *res judicata*, arguing that this is a part of a single cause of action that was earlier dismissed. The defense of *res judicata* has four elements: identity of the remedy sought, identity of the cause of action, identity of the parties, and identity of the quality of the persons for or against whom the claim is made. *Davis v. Marshall Homes, Inc.*, 265 Va. 159, 164, 576 S.E.2d 504 (2003). *Res judicata* is founded on the sound policy consideration that favors bringing litigation to an end and preventing harassment of the parties. The doctrine prevents re-litigation of the same cause of action or any part of the cause of action which could have been litigated by the party in the original lawsuit. It is basically a doctrine that seeks to avoid "claim-splitting." *Jones v. Morris Plan Bank of Portsmouth*, 168 Va. 284, 291, 191 S.E. 608 (1937).

If the principles set forth above are applied to this case, *res judicata* is a bar. There is an identity of the remedy sought. The remedy sought is to reform the accounts so that the plaintiffs receive POD funds in accordance with the original accounts. The parties are the same in both causes of action. Further, the identity of the quality of the persons for or against whom the claim is made is the same in both lawsuits. This leaves for decision in this case whether or not there is an identity of cause of action in both lawsuits.

Constructive trusts are those which the law creates, independently of the intention of the parties, to prevent fraud or injustice. *Porter v. Shaffer*, 147 Va. 921, 928, 133 S.E. 614 (1926). The Supreme Court of Virginia has defined constructive trusts as follows:

> Constructive trusts arise, independently of the intention of the parties, by construction of law; being fastened upon the conscience of him who has the legal estate, in order to prevent what otherwise would be a fraud. They occur not only where property has been acquired by fraud or improper means, but also where it has been fairly and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit.

*Leonard v. Counts*, 221 Va. 582, 589, 272 S.E.2d 190 (1980), citing 1 *Minor on Real Property* § 462 (2d ed. Ribble 1928).

Constructive trusts may arise from fraud, constructive fraud, or a violation of some positive fiduciary obligation. *Porter*, 147 Va. at 929.

Accordingly, the question arises as to whether the pending constructive trust action and the prior suit to reform the accounts according to the intention of Vivian White Cohen, or according to mistake, is the same cause of action. The test to determine whether claims are a part of a single cause of action is whether the same evidence is necessary to prove each claim. *Davis*, 265 Va. at 166; *Brown v. Haley*, 233 Va. 210, 216, 355 S.E.2d 563 (1987).

In the instant case, the plaintiffs would be required to prove that it is contrary to the principles of equity to allow the funds to be distributed other than pursuant to the POD provisions. The only way to establish this by the same evidence that was produced in the earlier case. Plaintiffs would produce evidence of the prior POD accounts, evidence of the intention of Vivian White Cohen, evidence of the alleged mistake of the attorney-in-fact, John M. White, Sr., and evidence of the discretion granted to John M. White, Sr., pursuant to the power of attorney. In summary, the same evidence to prove the intent of Vivian White Cohen in the first case would be used in the instant case to

prove that it would be contrary to the principles of equity to retain the funds without the earlier POD provisions. As a result, the same evidence will be used to prove the cause of action in the second case as was used in the earlier case. Therefore, both cases are the same cause of action and *res judicata* bars the second case.

It should be noted that Rule 1:6 would control the ruling in this case if this cause of action was filed after July 1, 2006.

For purposes of this decision, CH04010093 is incorporated into this case.