# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Jose H. Gomez

April 2, 2008

Case No. FE-2008-453

BY JUDGE DENNIS J. SMITH

On Friday, March 28, 2008, I heard the defense Motion to Dismiss the indictment on the grounds of *res judicata* and violation of the defendant's due process rights. Having considered all of the arguments presented, the court denies the motion for the reasons stated on the record on Friday as further explained below.

First, with regards to *res judicata*, defense counsel is correct that *Commonwealth v. Simmons*, 252 Va. 118, 475 S.E.2d 806 (1996), holds that *res judicata* may be applicable in the criminal context. She also correctly stated that *res judicata* bars a subsequent action where the two actions brought involve identical parties and the same cause of action.

Although *res judicata* is applicable, it does not bar prosecution in this case for two reasons. The first reason is that the principle of *res judicata* requires that the actions be identical, and here, the false pretense charge brought in this case is not identical to the forgery and uttering actions brought in FE-2008-230.

It was also accurately argued by Ms. Hussein that, in *Simmons*, Justice Carrico stated that, unlike collateral estoppel, *res judicata* will bar not only the issues actually litigated but all those which may have been determined under the pleadings of the case. It is not accurate, however, to read this as meaning that matters and issues not germane to the former proceeding are barred because they might have been raised in the prior case. This would for all intents and purposes negate the requirement of identity of actions, create a compulsory counterclaim in civil actions, and bar subsequent prosecution of different but related crimes in the criminal context. The reach of *res judicata* in civil and criminal cases extends only to those matters essentially connected to the issues in the former case and which were or could have been decided on the merits in the former case. There can be no decision on the merits of issues in a criminal action other than on the elements of the crime charged, which necessarily includes all lesser included offenses.

In discussing *res judicata*, the Virginia Supreme Court has stated:

> The doctrine prevents "relitigation of the same cause of action, or any part thereof which could have been litigated, between the same parties and their privies." [*Bates v. Devers*, 214 Va. 667 (1974)] at 670-71, 202 S.E.2d at 920-21. A claim which "could have been litigated" is one which "if tried separately, would constitute claim-splitting." *Id.* at 670, n. 4, 202 S.E.2d at 920, n. 4.
>
> "Claim-splitting" is bringing successive suits on the same cause of action where each suit addresses only a part of the claim. *Jones v. Morris Plan Bank of Portsmouth*, 168 Va. 284, 291, 191 S.E. 608, 610 (1937). Courts have imposed a rule prohibiting claim-splitting based on public policy considerations similar to those underlying the doctrine of *res judicata*: avoiding a multiplicity of suits, protecting against vexatious litigation, and avoiding the costs and expenses associated with numerous suits on the same cause of action. *Id.* at 291-92, 191 S.E. at 610.

*Bill Greever Corp. v. Tazewell National Bank*, 256 Va. 250, 254, 504 S.E.2d 854 (1998).

In the criminal context, a bar to "claim splitting" by precluding relitigation of issues "which could have been determined" makes perfect sense as to lesser included offenses but simply has no application where the charge is different. Additionally, the "public policy" analysis regarding claim-splitting done in the civil context which led to a more expansive reach of *res judicata*

did not consider the very weighty considerations of the public interest in prosecuting crimes and the right of the Commonwealth's Attorney to exercise prosecutorial discretion as to when to bring charges.

Finally, as I indicated in court on Friday, if I were to adopt defendant's view of the applicable principles in determining a *res judicata* claim in a criminal action, I would in essence be adopting an analysis akin to the "same conduct" test posited in *Grady v. Corbin*, 495 U.S. 508, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990), which proved so unworkable in the double jeopardy area. See *United States v. Dixon*, 509 U.S. 688, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993). For those reasons, I am of the opinion that the adoption of a "same conduct" type analysis would be inappropriate and not supported by Virginia law.

In conclusion, as to *res judicata*, "[o]ne who asserts the defense of *res adjudicata* has the burden of proving that the very point or question was in issue and determined in the former suit." *Worrie v. Boze*, 198 Va. 533, 538, 95 S.E.2d 192 (1956). The defendant has failed to carry his burden in this case.

As for the due process claim, it is clear that "the institution of criminal charges, as well as their order and timing, are matters of prosecutorial discretion." *Bradshaw v. Commonwealth*, 228 Va. 484, 492, 323 S.E.2d 567 (1984); *see also In re Robert F. Horan*, 271 Va. 258, 264, 634 S.E.2d 675 (2006). Just as the defendant is entitled to determine the conduct of his case, the Commonwealth may also choose to bring different charges against a defendant in the event that a prior charge is dismissed. The facts and circumstances of the two cases involved here do not rise to a level which would support the court's overriding prosecutorial discretion in bringing the false pretense charge in FE-2008-453. The current charge does not increase the risk to the defendant, and, as set forth above, it is a different charge from the forgery and uttering charges previously dismissed. While there is clearly circumstantial evidence that the Commonwealth was dissatisfied with the court's rulings in the prior matter, the evidence does not support a finding of the degree of vindictiveness in bringing the new charge which warrants dismissal of the current charge.