DIANA GRIBBON MOTZ, Circuit Judge,
dissenting:
With respect, I dissent. In my view, the district court erred in characterizing AFJ’s request for declaratory relief as impermissible claim-splitting.
Virginia law forbids a plaintiff from splitting a claim “into distinct parts” and maintaining “separate actions” if a “transaction is represented by one single and indivisible contract and the breach gives rise to one single cause of action.” Jones v. Morris Plan Bank of Portsmouth, 168 Va. 284, 290, 191 S.E. 608 (1937). Only if “the same evidence will support” all actions is there “one cause of action.” Id. at 291, 191 S.E. 608. Here, “the same evidence” cannot support actions for each breach of the consulting agreement, and so there is not “one cause of action.”
Rather, AFJ’s remuneration under the consulting agreement rests on evidence as to factors that may well vary each month. That remuneration turns on the amount and timing of Cobigua’s payments to PSI, JA 28, and the Cobigua Contract renders those payments contingent on a host of factors, including the number of containers screened per month, the promptness of Cobigua’s payment, and Cobigua’s potential renewal of the contract beyond the 10-year initial period. JA 100-101. The first variable — number of containers screened — seems particularly dependent on a number of unforeseeable economic and geopolitical factors. Thus, while claims for present and future damages share a common factual foundation, e.g. that AFJ helped PSI secure the Cobigua Contract and that the parties intended the agreement to cover Puerto Barrios screenings, the damages calculations turn on entirely different facts.
The differences in the causes of action here demonstrate the rationale for Virginia’s general rule that a contract “to pay money in installments is divisible in its nature.” Jones, 168 Va. at 292, 191 S.E. 608 (internal quotation omitted). Indeed, “rights of action generally do not arise upon future periodic obligations until they are due, even though there has been a default in the performance of one of the earlier periodic obligations.” Wiglesworth v. Taylor, 239 Va. 603, 607, 391 S.E.2d 299 (1990). PSI assumed such “periodic” obligations to AFJ, and those obligations differ even more than do those under other types of divisible installment contracts. Cf. tenBraak v. Waffle Shops, Inc., 542 F.2d 919, 924 n. 6 (4th Cir.1976) (rent).
Furthermore, the structure of the consulting agreement here demonstrates its divisibleness. See Shelton v. Stewart, 193 Va. 162, 167, 67 S.E.2d 841 (1951) (“the question of whether a contract is entire or severable is one of intention, to be determined from the language ... and the subject matter of the agreement” (internal quotation omitted)). The remuneration provision states that “payments shall only become due when [PSI] has been paid by the customer.” JA 28. The use of the plural “payments” suggests that the provision contemplates multiple and separate *286 payments, with each only becoming calculable after PSI “has been paid by the customer.” Id. The agreement’s severability clause also proclaims the parties’ intent that each provision stand independently from the rest. JA 30; cf. Shelton, 193 Va. at 167, 67 S.E.2d 841 (“a contract is entire when ... it contemplates and intends that each and all of its parts ... shall be common each to the other and interdependent” (internal quotation omitted)).
Because of the contract’s structure, a single breach is not “of a permanent nature” such that it “produces all the damage which can ever result from it.” Hampton Roads Sanitation Dist. v. McDonnell, 234 Va. 235, 239, 360 S.E.2d 841 (1987) (internal quotation omitted). Instead, PSI’s missed payments “occur only at intervals” and “each occurrence inflicts a new injury.” Id. Indeed, AFJ persuasively argues that Virginia law bars any attempt here to anticipate and calculate future damages; the dependency of the damages on unpredictable future factors renders them impermissibly “contingent, speculative, and uncertain.” Crist v. Metropolitan Mortg. Fund, Inc., 231 Va. 190, 195, 343 S.E.2d 308 (1986). Accordingly, each breach should be treated as a new injury, subject to recovery at the time of that breach.
In holding to the contrary, my friends in the majority and the district court principally rely on Heirs of Roberts v. Coal Processing Corp., 235 Va. 556, 369 S.E.2d 188 (1988). In that case, Roberts conveyed mineral rights in his land to two lessees, who received the right to enter and mine minerals in exchange for a promise to pay Roberts “ten cents per ton arising from the sale of any Coal or other mineral that may be mined or obtained from the land ... after the same is sold and the receipts are in the hands of the [lessees].” Id. at 556, 369 S.E.2d 188. The court held that contract indivisible because it “contains no fixed time or schedule of times for performance.” Id. at 560, 369 S.E.2d 188. Since payment depended on “the proceeds of such sales [being] ‘in the hands’ of the lessees,” an event resting “entirely within the lessees’ control,” the court noted that the lessees could delay any obligation to pay Roberts by simply “postponing] the actual arrival of proceeds into their hands.” Id. at 561, 369 S.E.2d 188. For this reason, the court distinguished the contract in Roberts from those “providing for payment in installments, due at specified times” and ruled that it qualified as an “entire contract.” Id.
This case critically differs from Roberts. For although the consulting agreement itself does not fix exact dates for the payment of commissions, it requires that PSI pay commissions when PSI “has been paid by the customer” under the Cobigua Contract. JA 28. The Cobigua Contract in turn establishes a fixed schedule for payments to PSI, requiring Cobigua to make a payment “[a]t the end of each month.” JA 100. The consulting agreement therefore provides that AFJ’s commissions become “due” after Cobigua makes its underlying payments — no later than the end of each month. JA 28; see VMI v. King, 217 Va. 751, 759, 232 S.E.2d 895 (1977) (cause of action accrues once plaintiff has a “right to demand and receive[ ] payment”). And unlike the lessees in Roberts, PSI cannot manipulate Cobigua’s payments so as to nullify its present obligation to AFJ, because the Cobigua Contract provides for automatic payment “without demand” from PSI. JA 100. In other words, given that the consulting agreement takes on the Cobigua Contract’s fixed schedule, it becomes an installment contract that Virginia law *287 treats as divisible.*
In sum, permitting separate claims here would not subject PSI to repetitive “vexatious litigation,” Jones, 168 Va. at 292, 191 S.E. 608, nor would it permit AFJ to extract an undeserved double recovery. Cf. X-It Products, L.L.C v. Walter Kidde Portable Equipment, Inc., 227 F.Supp.2d 494, 524 (E.D.Va.2002). Accordingly, in my view, the majority, like the district court, errs in applying the equitable bar on claim-splitting in this case.
Since the district court premised its order denying declaratory relief solely on an incorrect legal conclusion, we should vacate that order and remand to the district court to determine whether to exercise its jurisdiction to award declaratory relief. See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 136, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007); White v. Nat’l Union Fire Ins. Co., 913 F.2d 165 (4th Cir.1990). In doing so, we should hold that the claim-splitting doctrine does not provide a good reason for refusing declaratory relief.

 In addition, I note that Roberts analyzes a contract's divisibility in the context of the statute of limitations. Id. at 561-62, 369 S.E.2d 188. There, the court’s holding benefited the plaintiffs, because their cause of action did not accrue until the expiration of the contract term. Id. But here the district court’s ruling severely prejudices the plaintiff, because it deprives AFJ of any remedy for PSI's ongoing breach of the consulting agreement. The Roberts reasoning, articulated in a context in which the equities lined up differently, may not necessarily apply in the present context. After all, Virginia’s claim-splitting rule constitutes a “rule of justice, not to be classed among technicalities” and an "equitable interposition of the courts [made for] reasons of public policy.” Jones, 168 Va. at 292, 191 S.E. 608 (internal quotation omitted). The district court’s “equitable interposition” seems misplaced here, because AFJ has extracted no prejudicial advantage by suing for compensatory damages now and future damages later. See Pollard & Bagby, Inc. v. Morton G. Thalhimer, Inc., 169 Va. 529, 536, 194 S.E. 701 (1938) (noting that the election of remedies rule aims to prevent the plaintiff from "gaining] an advantage” or forcing the defendant to "suffer[ ] a disadvantage”).